EQUICO LESSORS, INC v ORIGINAL BUSCEMI'S, INC

Docket No. 74869. Submitted January 18, 1985, at Detroit.—Decided
February 5, 1985.

Equico Lessors, Inc., filed suit against Original Buscemi's, Inc.,
and Joseph Diatto in Macomb Circuit Court alleging that
defendants had defaulted on an equipment lease and seeking
monies due and owing plus interest and attorney fees. Plaintiff
sought to depose officers of the defendant corporation and,
when the officers failed to appear for the deposition, moved for
a default judgment against Buscemi's. The court, James C.
Daner, J., granted the motion and entered a default judgment
against defendant Buscemi's. Buscemi's appealed. *Held:*

1. There was no violation of a court order, no evidence that
Buscemi's was intentionally interposing delays, and no showing
of willfulness in the failure of Buscemi's officers to appear for
the deposition. Therefore, it was an abuse of discretion for the
court to grant a default judgment against Buscemi's. Imposition
of costs would have been more appropriate.

2. If the default judgment were allowed to stand, Buscemi's
would not be entitled to a jury trial on the issue of damages
since it failed to properly secure its right to a jury trial. The
issue of damages could have been addressed to the court in a
bench trial had the default judgment been affirmed.

3. The default judgment is reversed and the case is remanded
to the trial court for a bench trial on the merits. Appropriate
costs incurred in the taking of the deposition in question in this
appeal may be assessed if the trial court deems it necessary.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 23 Am Jur 2d, Depositions and Discovery §§ 9, 374, 391.
Judgment in favor of plaintiff in state court action for defendant's
failure to obey request or order to answer interrogatories or other
discovery questions. 30 ALR4th 9.

[4] 23 Am Jur 2d, Depositions and Discovery § 395.
Sanctions against defense in criminal case for failure to comply
with discovery requirements. 9 ALR4th 837.

[5] 47 Am Jur 2d, Judgments § 1189.

1. PRETRIAL PROCEDURE — DISCOVERY — DEFAULT JUDGMENTS —
   COURT RULES.

   A court contemplating imposition of a default judgment against a
   party for failure to respond to discovery requests should con-
   sider whether the failure to respond extends over a substantial
   period of time, whether there was a court order directing
   discovery which has not been complied with, the amount of
   time that has elapsed between the failure to appear and the
   motion for default, and whether willfulness has been shown
   (GCR 1963, 313.4).

2. PRETRIAL PROCEDURE — DISCOVERY — DEFAULT JUDGMENTS —
   FLAGRANT AND WANTON REFUSAL.

   A judgment by default for refusal to respond to discovery re-
   quests should be granted only where there has been a flagrant
   and wanton refusal to make discovery.

3. PRETRIAL PROCEDURE — JUDGMENTS — DISCOVERY — DEFAULT
   JUDGMENTS.

   A party's refusal to respond to requests for discovery is willful if
   it is conscious or intentional, not accidental or involuntary.

4. PRETRIAL PROCEDURE — JUDGMENTS — DISCOVERY — DEFAULT
   JUDGMENTS — APPEAL.

   A default judgment granted pursuant to court rule for refusal to
   respond to discovery requests will not be disturbed on appeal
   absent a clear showing of an abuse of discretion (GCR 1963,
   313.4).

5. TRIAL — DEFAULT JUDGMENTS — DAMAGES — JURY TRIAL.

   A defaulting party which has not requested a jury trial has a
   right to a hearing on damages, even though it may not contest
   liability, but has no right to a jury trial on the issue of
   damages.

*Miller, Canfield, Paddock & Stone* (by *Marjory
G. Basile),* for plaintiff.

*Joseph E. Mihelich,* for defendant.

Before: CYNAR, P.J., and BEASLEY and R. E. ROB-
INSON,* JJ.

---

* Retired circuit judge, sitting on the Court of Appeals by assign-
ment.

Per Curiam. Plaintiff's motion for a default judgment against defendant-appellant was granted by the trial court pursuant to GCR 1963, 313.4 because officers of the defendant, Original Buscemi's, Inc., failed to appear at a deposition. Defendant appeals to this Court as of right. We reverse and remand for a bench trial.

This case involves a breach of an equipment lease contract made between plaintiff and Dima Corporation. Plaintiff filed suit on November 18, 1981, alleging that Buscemi was a co-leasee. Buscemi denied this in its answer and demanded a jury trial; however, the jury trial fee was never paid.

On March 16, 1983, nearly six months after discovery had formally ended, as indicated in a pretrial order, plaintiff noticed depositions for three of Buscemi's officers, Paul Buscemi, Richard Buscemi and Ronald Keolian, for March 29, 1983. This was the only discovery attempted. The attorneys agreed to postpone the deposition to March 31, 1983. When Buscemi's officers could not attend, plaintiff's counsel consented to the adjournment and the deposition was rescheduled for May 4, 1984. The defendants failed to appear for the deposition and plaintiff then filed a motion for default judgment. The motion was granted.

GCR 1963, 313.4 provides for default judgment as one possible sanction for failure to appear for a deposition. Default is a drastic measure and should only be used with caution. *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group*, 403 Mich 474, 477; 270 NW2d 101 (1978). When the sanction of a default judgment is contemplated, the trial court should consider whether the failure to respond to discovery requests extends over a substantial period of time, whether there was a court order directing discovery which has not been

complied with, the amount of time that has elapsed between the failure to appear and the motion for a default judgment, and whether willfulness has been shown. *MacArthur Patton, supra,* p 477. The sanction of a default judgment should only be employed when there has been a flagrant and wanton refusal to make discovery. *Philips Industries, Inc v Smith,* 90 Mich App 237, 246; 282 NW2d 788 (1979). To be willful the failure must be conscious or intentional, not accidental or involuntary. *Jack's Factory Outlet v Pontiac State Bank,* 95 Mich App 174, 179; 290 NW2d 114 (1980). The trial court's decision to grant a default judgment is reviewed for an abuse of discretion. *Jack's Factory Outlet, supra.*

Our review of the cases where the default judgment sanction was used discloses that a default judgment is generally only granted where the conduct has been inexcusable. In the case before us, there was no violation of a court order, no evidence that Buscemi's was intentionally interposing delays, and no showing of willfulness as defined by *Jack's Factory Outlet, supra.* Under the circumstances of this case it was an abuse of discretion to use the default judgment sanction; imposition of costs would have been more appropriate.

We appreciate the trial court's impatience with prior defense counsel. The trial court's frustration was compounded by defense counsel's failure to pay the jury fee as ordered at the pretrial conference and counsel's failure to make a written reply to plaintiff's motion for a default judgment; nonetheless, the default judgment ordered is too harsh a sanction under the facts of this case.

Defendant Buscemi's also suggests that even if the default judgment was properly granted as to liability, it is still entitled to a jury trial on the

issue of damages. We disagree. A defaulting party that properly preserved its right to a jury trial retains that right to a jury trial on the issue of damages even though it may no longer contest the issue of liability. *Wood v DAIIE,* 413 Mich 573, 583-584; 321 NW2d 653 (1982). Similarly, a defaulting party who has not requested a jury trial still has a right to a hearing on damages even though it may not contest liability. *American Central Corp v Stevens Van Lines, Inc,* 103 Mich App 507; 303 NW2d 234 (1981); *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan,* 119 Mich App 671; 326 NW2d 599 (1982), *lv den* 417 Mich 1076 (1983); GCR 1963, 520.2(2). With these two propositions in mind, we conclude that a defaulting party who has failed to preserve its right to a jury trial does not have a right to a jury trial on the issue of damages. Defendant would have the right to contest the issue of damages in a bench trial if the default judgment were to stand; however, because the right to a jury trial was not properly secured, defendant would not have a right to a jury trial on the damage issue.

The default judgment is reversed and the case is remanded to the trial court for a bench trial on the merits. Appropriate costs incurred in the taking of the deposition in question here may be assessed if the trial court deems it necessary.