FRANKENMUTH MUTUAL INSURANCE COMPANY v ACO, INC

Docket No. 126067. Submitted December 11, 1991, at Detroit. Decided April 6, 1992, at 9:10 A.M.

Frankenmuth Mutual Insurance Company brought an action in the Oakland Circuit Court against ACO, Inc., Toshiba Heating Appliances Co., Ltd., a Japanese corporation, and T.M.C. Manufacturing Co., Inc., seeking subrogation, after it paid its insured for damages to a house resulting from a fire allegedly caused by a kerosene heater manufactured by Toshiba, imported by T.M.C., and sold by ACO. The court, Robert L. Templin, J., granted default judgments against Toshiba, for failing to answer a complaint mailed to its central office in Japan by certified mail and without translation into Japanese, and against ACO and T.M.C., for violations of discovery orders. The defendants appealed.

The Court of Appeals *held:*

1. The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters governs service of process on Toshiba in this case. The plaintiff's service of process on Toshiba did not comply with either the Hague Convention or the internal law of Japan. Article 10(a) of the convention does not permit service by direct mail in Japan on a Japanese defendant. The word "send" in Article 10(a) is not the equivalent of "service of process." The court erred in denying Toshiba's motion to quash the service and in refusing to set aside the default judgment, requiring remand for entry of an order quashing service of process on Toshiba and allowing the plaintiff sixty days from entry of that order to effect service of process on Toshiba.

2. The court abused its discretion in entering default judg-

REFERENCES

Am Jur 2d, Depositions and Discovery §§ 373-380, 391, 392; Process §§ 377-384.

Dismissal of state court action for failure or refusal of plaintiff to appear or answer questions at deposition or oral examination. 32 ALR4th 212.

Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.

ments against ACO and T.M.C. as discovery sanctions under MCR
2.313(B)(2)(c). The court, in ruling that ACO failed to supplement
its answers to interrogatories, did not determine whether there
was any information for ACO to provide, and it failed to evalu-
ate on the record other available options before concluding that
a drastic sanction was warranted. With regard to T.M.C., the
wilfulness required to be shown before entry of a default
judgment for failure to respond to discovery requests was not
shown. The court also failed to evaluate other options on the
record with regard to T.M.C. and abused its discretion by its
summary treatment of the plaintiff's claims of abuse of discov-
ery.

Reversed and remanded.

1. INTERNATIONAL LAW — PRETRIAL PROCEDURE — SERVICE OF PRO-
CESS — HAGUE CONVENTION.

The Hague Convention on the Service Abroad of Judicial and
Extrajudicial Documents in Civil or Commercial Matters ap-
plies in all cases where there is occasion to transmit a judicial
or extrajudicial document for service abroad, and its applica-
tion is mandatory in all cases to which it applies; the Suprem-
acy Clause of the United States Constitution mandates preemp-
tion by the convention of inconsistent methods of service pre-
scribed by state law in all cases to which it applies (US Const,
art VI).

2. INTERNATIONAL LAW — PRETRIAL PROCEDURE — SERVICE OF PRO-
CESS — HAGUE CONVENTION.

Article 10(a) of the Hague Convention on the Service Abroad of
Judicial and Extrajudicial Documents in Civil or Commercial
Matters, which states that the convention "shall not interfere
with the freedom to send judicial documents, by postal chan-
nels, directly to persons abroad," does not permit service of
process by registered mail in Japan on a Japanese defendant;
the word "send" in Article 10(a) is not the equivalent of
"service of process."

3. PRETRIAL PROCEDURE — DISCOVERY — REMEDIES — DEFAULT JUDG-
MENTS.

A court contemplating a default judgment as a sanction for
discovery abuses should consider whether a failure to respond
to discovery requests extended over a substantial period of
time, whether there was compliance with a court order direct-
ing discovery, the amount of time that elapsed between the
violation and the motion for default judgment, and whether

wilfulness was shown; the court must also evaluate on the record other available options before concluding that a default judgment is warranted; default judgment should be employed only where there has been a flagrant and wanton refusal to facilitate discovery that was conscious or intentional, not accidental or involuntary (MCR 2.313[B][2][c]).

*Klemanski & Honeyman, P.C.* (by *John D. Honeyman*), for the plaintiff.

*Kitch, Saurbier, Drutchas, Wagner & Kenney, P.C.* (by *Jeremiah J. Kenney, John A. Cothorn,* and *Susan Healy Zitterman*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

SULLIVAN, J. Plaintiff insured a house subsequently damaged in a fire allegedly caused by a kerosene heater sold by defendant ACO, Inc., imported by defendant T.M.C. Manufacturing Co., Inc., and manufactured by defendant Toshiba Heating Appliances Co., Ltd. After paying its insured approximately $60,000 under the policy, plaintiff filed this subrogation action and obtained default judgments against Toshiba, for failing to answer a complaint mailed, untranslated, to its central office in Japan, and ACO and T.M.C., for violation of discovery orders. After the court denied motions to set aside the judgments, the defendants appealed as of right. Toshiba claims that the court lacked jurisdiction because service of process was invalid. ACO and T.M.C. claim that the trial court abused its discretion in entering default judgments as discovery sanctions because there was neither a violation of an order nor a wilful violation of court rules. We reverse all three judgments.

I

SERVICE OF PROCESS ON TOSHIBA.

The Hague Convention[1] governs service of process on Toshiba in this case. Toshiba is a Japanese corporation; plaintiff attempted service of English-language documents by certified mail at Toshiba's principal office in Japan. Toshiba contends that this form of service does not comply with either the Hague Convention or the internal law of Japan, service in compliance with which the treaty recognizes as valid service. We agree and reverse with regard to Toshiba.

The Hague Convention is a multilateral treaty intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions will receive actual and timely notice of suit, and to facilitate proof of service abroad. *Volkswagenwerk Aktiengesellschaft v Schlunk*, 486 US 694, 698; 108 S Ct 2104; 100 L Ed 2d 722 (1988). The convention applies in all cases where there is occasion to transmit a judicial or extrajudicial document for service abroad, and its application is mandatory in all cases to which it applies. *Id.*, p 699. By virtue of the Supremacy Clause, US Const, art VI, the convention preempts inconsistent methods of service prescribed by state law in all cases to which the convention applies. *Id.*

The convention establishes specific procedures to be followed in accomplishing service of process. Articles 2 through 6 provide for service through a central authority in each country. The central authority of any country may require that all documents to be served through it be translated

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1965, 20 UST 361; TIAS No 6638, reprinted in 28 USCA Fed R Civ P 4, p 210 (1992).

into the official language of that country. Hague Convention, art 5. Each signatory to the convention may ratify its provisions subject to conditions or objections. *Id.,* art 21.

The United States and Japan are signatories to the convention. Japan requires translation into Japanese of documents submitted for service through its designated central authority, the Minister for Foreign Affairs. *McClenon v Nissan Motor Corp in USA,* 726 F Supp 822, 824, n 1 (ND Fla, 1989).

Plaintiff in this case made no effort to serve process on Toshiba through Japan's central authority. Instead, plaintiff relies on Article 10 of the convention, which provides:

> Provided the State of destination does not object, the present Convention shall not interfere with—
> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Japan objected to subparagraphs b and c, but has not objected to subparagraph a. Plaintiff contends, and the trial court agreed, that Article 10(a) permits service by direct mail in Japan on a Japanese defendant.

There are two lines of cases interpreting Article 10(a). Plaintiff relies on the cases that have permitted service of process by mail directly to the

defendant without going through the central authority and without translating the documents into the language of the destination country. The leading cases of this line are *Ackermann v Levine,* 788 F2d 830 (CA 2, 1986), and *Shoei Kako Co, Ltd v Superior Court,* 33 Cal App 3d 808; 109 Cal Rptr 402 (1973).[2] These courts reason that "[t]he reference to 'the freedom to send judicial documents by postal channels, directly to persons abroad' would be superfluous unless it was related to the sending of such documents for the purpose of service. The mails are open to all." *Shoei Kako Co,* p 821; *Ackermann,* p 839. They conclude that even though the word "service" is used in the other subsections of Article 10 and in other articles of the convention, its omission in Article 10(a) "must be attributed to careless drafting." *Ackermann,* p 839.

The second line of authority, led by *Bankston v Toyota Motor Corp,* 889 F2d 172 (CA 8, 1989), and *Suzuki Motor Co, Ltd v Superior Court,* 200 Cal App 3d 1476; 249 Cal Rptr 376 (1988),[3] holds that the word "send" in Article 10(a) is not the equiva-

---

[2] See also *Patty v Toyota Motor Corp,* 777 F Supp 956, 958-959 (ND Ga, 1991); *Coblentz GMC/Freightliner, Inc v General Motors Corp,* 724 F Supp 1364, 1372 (MD Ala, 1989), aff'd without opinion 932 F2d 977 (CA 11, 1991); *Meyers v ASICS Corp,* 711 F Supp 1001, 1007 (CD Cal, 1989); *Smith v Dainichi Kinzoku Kogyo Co,* 680 F Supp 847, 850 (WD Tex, 1988); *Weight v Kawasaki Heavy Industries, Ltd,* 597 F Supp 1082, 1085-1086 (ED Va, 1984); *Hayes v Evergo Telephone Co, Ltd,* 100 NC App 474, 478-479; 397 SE2d 325 (1990); *Nicholson v Yamaha Motor Co, Ltd,* 80 Md App 695, 708-710; 566 A2d 135 (1989); *Rissew v Yamaha Motor Co, Ltd,* 129 AD2d 94, 97-99; 515 NYS2d 352 (1987).

[3] See also *Wilson v Honda Motor Co, Ltd,* 776 F Supp 339, 341-342 (ED Tenn, 1991); *Fleming v Yamaha Motor Corp, USA,* 774 F Supp 992, 995-996 (WD Va, 1991); *Wasden v Yamaha Motor Co, Ltd,* 131 FRD 206, 208-209 (MD Fla, 1990); *McClenon, supra,* p 826; *Hantover, Inc v Omet, SNC of Volentieri & C,* 688 F Supp 1377, 1385 (WD Mo, 1988); *Prost v Honda Motor Co, Ltd,* 122 FRD 215, 216-217 (ED Mo, 1987); *Pochop v Toyota Motor Co, Ltd,* 111 FRD 464, 467 (SD Miss, 1986); *Mommsen v Toro Co,* 108 FRD 444, 446 (SD Iowa, 1985); *Reynolds v Koh,* 109 AD2d 97, 98-100; 490 NYS2d 295 (1985).

lent of "service of process." The court in *Bankston,* pp 173-174, adopted this position, summarizing it as follows:

> The word "service" is specifically used in other sections of the Convention, including subsections (b) and (c) of Article 10. If the drafters of the Convention had meant for subparagraph (a) to provide an additional manner of service of judicial documents, they would have used the word "service." Subscribers to this interpretation maintain that Article 10(a) merely provides a method for sending subsequent documents after service of process has been obtained by means of the central authority. [Citations omitted.]

We find this second line of authority more persuasive. We agree with the federal district court in *McClenon, supra,* p 826, that "it strains plausibility that the Conventions' [sic] drafters would use the word 'send' in Article 10(a) to mean service of process, when they so carefully used the word 'service' in 10(b) and 10(c)." Although Toshiba has not offered direct proof of Japanese procedural law, it appears from authorities cited by other courts that internal Japanese law does not allow service of process by registered mail. *Suzuki Motor Co, supra,* pp 1480-1481; *McClenon, supra,* p 825. As the court noted in *Suzuki Motor Co, supra,* p 1481:

> Given the fact that Japan itself does not recognize a form of service sufficiently equivalent to America's registered mail system, it is extremely unlikely that Japan's failure to object to Article 10, subdivision (a) was intended to authorize the use of registered mail as an effective mode of service of process, particularly in light of the fact that Japan specifically objected to the much more formal modes of service by *Japanese officials*

which were available in Article 10, subdivisions (b) and (c). [Emphasis in original.]

See also McClenon, pp 825-826.[4]

We hold that service of process by registered mail is not one of the methods authorized by the Hague Convention for service of process on Japanese defendants. The trial court erred in denying Toshiba's motion to quash and in refusing to set aside the default judgment. As a consequence of this holding, we need not consider the other grounds for setting aside the default argued by Toshiba.

II

DISCOVERY SANCTIONS REGARDING ACO AND T.M.C.

We have reviewed the record and hold that the trial court clearly abused its discretion in entering default judgments against ACO and T.M.C. as discovery sanctions under MCR 2.313(B)(2)(c).

Default judgment is a possible sanction for discovery abuses. MCR 2.313(B)(2)(c). It is, however, a drastic measure and should be used with caution. *Equico Lessors, Inc v Original Buscemi's, Inc,* 140 Mich App 532, 534; 364 NW2d 373 (1985). When the sanction of a default judgment is contemplated, the trial court should consider whether the failure to respond to discovery requests extends over a substantial period of time, whether there was a court order directing discovery that has not

---

[4] In April 1989, Japan issued a statement of position regarding Article 10(a). The significance of this statement has been the subject of further debate. Compare Reisenfeld, *Service of United States process abroad: A practical guide to service under the Hague Service Convention and the Federal Rules of Civil Procedure,* 24 International Lawyer 55, 72, n 89 (1990), with Brinkmeier, *Hague Convention: Service of documents in Japan,* 1990 Automotive Litigation Reporter 14439, 14441-14442, Dec 18, 1990. This statement is more ambiguous than clarifying, and we do not rely on it in interpreting the treaty.

been complied with, the amount of time that has elapsed between the violation and the motion for default judgment, and whether wilfulness has been shown. *Id.,* pp 534-535. The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted. *Hanks v SLB Management, Inc,* 188 Mich App 656, 658; 471 NW2d 621 (1991). The sanction of default judgment should be employed only when there has been a flagrant and wanton refusal to facilitate discovery, that is, the failure must be conscious or intentional, not accidental or involuntary. *Equico Lessors, Inc,* p 535. We review the trial court's decision to grant a default judgment for an abuse of discretion. *Id.*

The court entered a default judgment against ACO for its failure to supplement answers to interrogatories under MCR 2.302(E). The court did not, however, specify the information ACO is supposed to have withheld. Under MCR 2.302(E)(1)(a), a party has no duty to supplement answers to interrogatories except with respect to a question directly addressed to:

> (i) the identity and location of persons having knowledge of discoverable matters; and
> (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the expert is expected to testify, and the substance of the expert's testimony.

Under subrule E(1)(c), further supplementation may be required by court order, by agreement of the parties, or by new requests for supplementation. It is not at all clear from the record which of these subrules ACO is supposed to have violated. It supplemented its answers with the name of its expert witness. Its answer may have been incomplete, but plaintiff deposed the expert, curing any

defect in the interrogatory response. ACO claims not to have any additional information with respect to the specific questions posed in the interrogatories. Plaintiff has not specified, and the court did not inquire into, what categories of information ACO is charged with withholding.

A party must include in its answers to interrogatories "such information as is available to the party served or that the party could obtain from his or her employees, agents, representatives, sureties, or indemnitors." MCR 2.309(B)(1). Plaintiff did not cite this rule but appears to contend that ACO had access to information through the other defendants. Because the relationship among the defendants, and the reasons for their common defense in this case, was not established in the record, we cannot speculate whether ACO had access to and deliberately withheld such information.

The court ruled that defendant ACO failed to supplement its answers to interrogatories without first determining whether there was any information for it to provide. This is a clear abuse of discretion. The court also failed to evaluate on the record other available options before concluding that a drastic sanction was warranted.

The court also abused its discretion in entering a default judgment against defendant T.M.C. for its failure to answer interrogatories. T.M.C.'s attorneys represented to the court that they never received the interrogatories and demonstrated discrepancies in the proofs of service. It appears from the record that plaintiff's attorney made no effort to obtain answers before trial, and, during the nearly two years the interrogatories were supposedly outstanding, never moved to compel answers. Plaintiff first raised the issue by motion in limine, presented, apparently without prior service, on the

morning of trial. A party need not move to compel answers in order to be entitled to sanctions under MCR 2.313(D)(1). However, in the absence of an order or some other compelling circumstance, we are not inclined to find the wilfulness required to enter a judgment by default for failure to answer interrogatories. As with ACO, the court failed to evaluate other options on the record and abused its discretion by its summary treatment of plaintiff's claims of discovery abuse. We need not address the other grounds for reversal argued by defendants.

The judgment regarding defendant Toshiba Heating Appliances Co., Ltd., is reversed and the case is remanded for entry of an order quashing service of process with respect to that defendant. Plaintiff shall be granted sixty days from entry of the order to effect service of process on Toshiba. The judgments regarding defendants ACO, Inc., and T.M.C. Manufacturing Co., Inc., are reversed and the case is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.