*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FELIX CIMINELLI and SUZANNE CIMINELLI,

      Plaintiffs-Appellants,

v

HOME-OWNERS INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
January 2, 2020

No. 343980
Wayne Circuit Court
LC No. 17-006110-NF

Before: FORT HOOD, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order granting defendant's second motion to dismiss for failure to participate in discovery. We vacate that order and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiffs were involved in an automobile accident in 2014; defendant was their automobile insurer at the time. In April 2017, plaintiffs filed a complaint alleging that defendant had breached the parties' contract by failing to pay no-fault benefits stemming from that accident.

In October 2017, the parties filed cross-motions to compel discovery. The trial court subsequently entered a stipulated order compelling plaintiffs to respond within 14 days to defendant's interrogatories and requests for production of documents.

In November 2017, defendant scheduled physical medicine and neurosurgery independent medical examinations (IMEs) for both plaintiffs. Plaintiffs failed to appear. Defendant moved to dismiss the case, and the trial court instead ordered plaintiffs to attend the IMEs within 60 days. Plaintiffs appeared for the physical medicine IMEs, but did not appear for the neurosurgery IMEs. After learning that plaintiffs were being treated by an orthopedic surgeon as well as a neurosurgeon, defendant attempted to also schedule orthopedic surgery IMEs for both plaintiffs, but plaintiffs informed defendant of a scheduling conflict on the chosen dates. After defendant rescheduled the orthopedic surgery and neurosurgery IMEs, plaintiff's counsel contacted defendant via email and stated that the neurosurgery and orthopedic surgery

IMEs were redundant and that he would not inform plaintiffs of an IME appointment until defendant agreed to cancel one or the other.

The record reflects that plaintiff's own depositions were also rescheduled three times, with the last deposition date being April 3, 2018. However, on March 23, 2018, plaintiffs' counsel sent defendant an email stating that plaintiff Felix Cimminelli (Felix) had suffered a seizure and could not be deposed. Defendant received a letter from Felix's psychiatrist recommending that his deposition be postponed. Neither plaintiff appeared for the scheduled depositions on April 3, 2018.

Defendant filed a second motion to dismiss on the ground that plaintiffs had willfully obstructed discovery by failing to appear at their IMEs and their own depositions and should be sanctioned by the dismissal of their suit. The trial court granted defendant's motion, and denied plaintiffs' motion for reconsideration.

This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's imposition of discovery sanctions. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision is outside the range of principled outcomes." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011).

## III. ANALYSIS

Plaintiffs argue that the trial court abused its discretion by dismissing the case without first conducting the requisite legal analysis or evaluating alternative sanctions on the record. We agree.

MCR 2.313(B)(2)(c) provides: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may order such sanctions as are just, including, but not limited to . . . dismissing the action." "A court may impose the severe sanction" of dismissal " 'only when a party flagrantly and wantonly refuses to facilitate discovery, not when the failure to comply with a discovery request is accidental or involuntary.' " *Hardrick*, 294 Mich App at 661-662, quoting *Bass v Combs*, 238 Mich App 16, 26; 604 NW2d 727 (1999), overruled in part on other grounds by *Dimmitt & Owens Fin, Inc v Deloitte & Touche (ISC), LLC*, 481 Mich 618, 628 (2008).

The following factors must be considered in determining the appropriateness of a discovery sanction:

> [W]hether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the [other party]; (4) actual notice to the [other party] of the witness and the length of time prior to trial that the [other party] received such actual notice; (5) whether there exists a history of [the party's] engaging in deliberate delay; (6) the degree of compliance by the [party] with other provisions

of the court's order; (7) an attempt by the [party] to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Bass*, 238 Mich App at 26-27, quoting *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990) (alterations in original).]

Dismissal as a discovery sanction "should be entered only in the most egregious circumstances." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87; 618 NW2d 66 (2000). "[B]ecause default is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction to allow for meaningful appellate review." *Id*. at 88, citing *Bass*, 238 Mich App at 26-27; *Thorne v Bell*, 206 Mich App 625; 632-633, 522 NW2d 711 (1994). "The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted." *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 397; 484 NW2d 718, 722 (1992). "The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010). A trial court's failure to explain its reasons for dismissal on the record constitutes an abuse of discretion. *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995), citing *Hanks v SLB Mgt, Inc*, 188 Mich App 656, 658; 471 NW2d 621 (1991).

In this case, at the very outset of discovery, plaintiffs had to be compelled to respond to written discovery requests. Plaintiffs then failed to appear at their first set of physical medicine and neurosurgery IMEs despite being under a statutory duty to do so. See MCL 500.3151 ("When the mental or physical condition of a person is material to a claim . . . for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians"). The trial court entered an order directing plaintiffs to "appear for their IMEs . . . by March 13, 2018." Plaintiffs appeared at one IME, but instead of appearing at the court-ordered neurosurgery IMEs or the orthopedic surgery IMEs that defendant later requested, plaintiffs' counsel sent a letter stating that his clients would only attend either a neurosurgery IME or an orthopedic IME, not both. Plaintiffs' counsel had no authority to unilaterally modify plaintiffs' statutory duty or the court order to appear at the neurosurgery IMEs; only the court could do so with an order, under MCL 500.3159, "to protect against annoyance, embarrassment or oppression." *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 194; 732 NW2d 88 (2007) (holding that even a court "may not impose conditions on [an IME]" if "an insured fails to demonstrate good cause that submission to particular examination will cause annoyance, embarrassment, or oppression.") In any event, plaintiffs never attended another IME of any variety.

Furthermore, plaintiffs rescheduled their own depositions three times—once by agreement, once by canceling the depositions two days before the scheduled date due to an asserted scheduling conflict, and once so that Felix could undergo further medical examinations for his seizure. Plaintiffs never explained why Felix—who was allegedly too occupied with neurological testing to be deposed—could not be examined by defendant's neurosurgeon. And plaintiffs never offered an excuse for plaintiff Suzanne Ciminelli (Suzanne)'s failure to appear for her IMEs and deposition.

At the hearing on defendant's motion to dismiss, defense counsel informed the court that plaintiffs had missed three depositions and a combined 10 IMEs. Plaintiffs' counsel admitted that he had demanded that defendant choose between a neurosurgery and orthopedic surgery IME. The trial court stated that "[b]ecause of the failure to appear at all these [depositions and IMEs] the Court will grant the motion."

We conclude that the trial court abused its discretion by imposing the sanction of dismissal without considering, on the record, any of the factors listed above or explaining how other, lesser sanctions were not proper. . See *Bass*, 238 Mich App at 26-27; *Duray Dev*, 288 Mich App at 165. Although plaintiffs' conduct may indeed warrant the imposition of the sanction of dismissal,[1] "[o]ur legal system favors disposition of litigation on the merits[,]" *Vicencio*, 211 Mich App at 507, and a trial court seeking to impose dismissal as a sanction for discovery violations must do so in a deliberate and explicit way, on the record, that is amenable to appellate review. *Kalamazoo Oil Co*, 242 Mich App at 87-88. In this case, the trial court abused its discretion by failing to place its reasoning and consideration of alternative sanctions on the record, and as a result we must vacate its order and remand for further proceedings consistent with this opinion. *Vicencio*, 211 Mich App at 506-507.

Vacated and remanded for further proceedings. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[1] We note that the record of the case shows that the trial court had, on multiple occasions, unsuccessfully attempted to secure plaintiffs' compliance with their discovery obligations by way of earlier court orders that imposed lesser sanctions. Further, defendant was arguably prejudiced because it could not defend against plaintiffs' assertion of a causal connection between the accident and plaintiffs' medical conditions without timely examinations by physicians of defendant's choosing. The no-fault act addresses that exact risk of prejudice by requiring plaintiffs to submit to such examinations. MCL 500.3151(1).