*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELIJAH WOODY,

Plaintiff-Appellant,

v

AUTO CLUB INSURANCE ASSOCIATION,
also known as AAA OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
February 11, 2020

No. 346182
Wayne Circuit Court
LC No. 16-014130-NF

Before: MURRAY, C.J., and SWARTZLE and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition in favor of defendant. On appeal, plaintiff argues that the trial court erred in finding that he committed a fraudulent insurance act under MCL 500.3173a(2),[1] because a question of fact existed regarding whether he knowingly presented a false statement in support of his claim for personal insurance protection (PIP) benefits during his deposition and in his interrogatory answers. Further, plaintiff argues that, even if he did knowingly present a false statement to defendant as part of his claim for PIP benefits, it was not material to his claim. We affirm.

## I. BACKGROUND

This case arises from a motor-vehicle accident that occurred in 2005, in which plaintiff was struck by a motor vehicle while he was a pedestrian. Plaintiff filed suit in Wayne Circuit Court against defendant to recover PIP benefits arising from the 2005 accident. Following the entry of an order for arbitration, plaintiff and defendant proceeded to arbitration to determine the rights, remedies, obligations, and limitations of the parties under the no-fault act, MCL 500.3101 *et seq.*

---

[1] The no-fault act, MCL 500.3101 *et seq.*, was amended on June 11, 2019. See 2019 PA 21. Defendant filed its motion for summary disposition before the amendment of the no-fault act. Therefore, the motion was filed under the preamended MCL 500.3173a(2), which now appears postamendment as MCL 500.3173a(4).

-1-

A ruling was issued as a result of arbitration, finding that plaintiff sustained an accidental bodily injury that arose from the accident. The ruling awarded plaintiff PIP benefits through the date of the arbitration and expressly stated that the award did not waive future PIP benefits. These findings were later reflected in the terms of a settlement entered into by the parties.

Plaintiff filed a second lawsuit against defendant seeking PIP benefits related to the 2005 accident, from the date of arbitration to the date of the filing of the second lawsuit. The parties again entered into a settlement agreement, and the second lawsuit was dismissed with prejudice.

Plaintiff filed a third lawsuit against defendant for PIP benefits related to the 2005 accident—the lawsuit at issue in this appeal. While discovery was ongoing, in May 2017, plaintiff was involved in a second motor-vehicle accident. Plaintiff submitted a signed application for PIP benefits related to the 2017 accident to the Michigan Automobile Insurance Placement Facility (MAIPF). In his August 2017 signed answer to defendant's interrogatories in this case, however, plaintiff denied involvement in any accident after the 2005 accident. Plaintiff later filed a lawsuit against the MAIPF for PIP benefits related to injuries arising from the 2017 accident, yet failed to mention the 2017 accident or the related lawsuit when questioned at his deposition.

Defendant moved for summary disposition under MCR 2.116(C)(10), alleging that plaintiff committed a fraudulent insurance act under MCL 500.3173a(2), which rendered his claim ineligible for payment. Plaintiff argued that, given his documented memory deficits, the evidence did not unequivocally establish that he knowingly failed to disclose the 2017 accident in his responses to defendant's interrogatories or at his deposition. Plaintiff argued that because the issue relied on his credibility, it was inappropriate for the trial court to grant summary disposition.

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erroneously granted defendant's motion for summary disposition under MCR 2.116(C)(10).[2] Specifically, plaintiff alleges that the issue of whether he knew that the information regarding the 2017 accident and application for PIP benefits he provided to defendant were false, considering his demonstrated cognitive and memory deficits, should have been submitted to the jury. Furthermore, even if he knowingly misrepresented this information, plaintiff argues, his statement in his interrogatory answer was not material because the injuries from the 2017 accident were unrelated to the brain injury arising from the 2005 accident at issue.

---

[2] We note that, because defendant's motion for summary disposition was filed before the amendment of MCL 500.3173a(2) to its current form as MCL 500.3173a(4), the preamended form of MCL 500.3173a(2) governs the analysis. See 2012 PA 204; 2019 PA 21. The only relevant changes for purposes of this appeal are the inclusion of language specifying that the claim may be submitted to either the MAIPF "or to an insurer to which the claim is assigned under the assigned claims plan," as well as the change in the numbering of the provision to MCL 500.3173a(4).

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). "Appellate review of the grant or denial of a summary-disposition motion is de novo, and the court views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Under MCR 2.116(C)(10), summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id*. This Court reviews de novo questions of statutory interpretation, which are questions of law. *Bazzi v Sentinel Ins Co*, 502 Mich 390, 398; 919 NW2d 20 (2018).

In the trial court, plaintiff did not raise his current argument on appeal that any misrepresentation he might have made was not material under MCL 500.3173a(2). Therefore, this argument is not preserved for appeal, and we review it for plain error. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 150; 792 NW2d 749 (2010). "Plain error occurs at the trial court level if (1) an error occurred (2) that was clear or obvious and (3) prejudiced the party, meaning it affected the outcome of the lower court proceedings." *Id.*

MCL 500.3173a(2) provides, in pertinent part:

A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF] for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL] 4503 that is subject to the penalties imposed under [MCL] 4511. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment or benefits under the assigned claims plan.

In *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017), this Court examined the elements essential to demonstrating commission of a fraudulent insurance act under MCL 500.3173a(2):

[A] person commits a fraudulent insurance act under this statute when (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF. Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim.

The plain language of MCL 500.3173a(2) does not require that the person presenting the false information have an intent to defraud, and *Candler* does not indicate that such an intent is necessary to determine that a person has committed a fraudulent insurance act under the provision.

There is no dispute that a false statement was presented to defendant in support of plaintiff's claim. Plaintiff does not now deny that he was involved in a motor-vehicle accident in 2017. Further, he does not deny that he submitted a claim to the MAIPF, and eventually filed a lawsuit against the MAIPF, seeking PIP benefits resulting from the 2017 accident. While plaintiff and defendant differ in their characterization of plaintiff's deposition and whether he

-3-

unequivocally denied the existence of any subsequent accidents and related PIP benefit claims, plaintiff's answer to defendant's interrogatories was clear. In August 2017, plaintiff unambiguously denied having suffered personal injuries other than those sustained in the 2005 accident, and further denied having made any other written claim stemming from personal injury beyond that for the 2005 accident. Plaintiff's 2017 accident, and submission of the claim for PIP benefits stemming from the 2017 accident, both occurred in May 2017—several months before plaintiff signed the answers to defendant's interrogatories at issue—making his interrogatory answers clearly false.

Plaintiff's counsel's involvement with the drafting of the answers to defendant's interrogatories does not affect the determination that plaintiff ultimately presented the statement as required by MCL 500.3173a(2). Even if plaintiff's counsel initially drafted the answers to defendant's interrogatories, plaintiff signed his interrogatory answers. Under MCR 2.309(B)(1), "[e]ach interrogatory must be answered separately and fully in writing under oath." Furthermore, a "party must include in its answers to interrogatories 'such information as is available to the party served or that the party could obtain from his or her employees, agents, representatives, sureties, or indemnitors.' " *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 398; 484 NW2d 718 (1992), quoting MCR 2.309(B)(1). Plaintiff was therefore obliged to answer the interrogatories under oath, and to obtain information available to him necessary to answering the questions (such as records of his submission of a claim to the MAIPF). Indeed, plaintiff signed his interrogatory answers under text stating "I [plaintiff] attest that the answers provided are true to the best of my ability [sic] knowledge and belief." Additionally, it is unreasonable to believe that plaintiff was unaware of the nature of the question when signing. Even if the interrogatory questions as posed were ambiguous and not clear, counsel for plaintiff admitted that he helped plaintiff with submission of the answers.

Furthermore, plaintiff's argument that answers to interrogatories can be amended is immaterial to the question whether plaintiff committed a fraudulent misrepresentation under MCL 500.3173a, because he did not, in fact, attempt to amend his answers at any point in the proceedings. Plaintiff filed his complaint against the MAIPF seeking PIP benefits from the 2017 accident in October 2017, two months after plaintiff signed and submitted answers to defendant's interrogatories. Plaintiff's deposition was conducted in April 2018, at which point he was questioned regarding his involvement in any subsequent accidents or claim submissions. Yet it was not until plaintiff submitted a response to defendant's motion for summary disposition, in September 2018, that plaintiff admitted the occurrence of a separate motor-vehicle accident. At no point did plaintiff seek to withdraw or amend his answers to interrogatories.

Plaintiff argues that the issue whether he knew that the information he provided was false should have been submitted to the jury. Plaintiff notes that he has difficulties with memory and cognitive deficits, and his answers at the deposition clearly show his inability to recall, lack of knowledge, and confusion as to the questions presented. According to plaintiff, the totality of the circumstances created a question regarding his credibility that was solely within the province of the jury to answer, and thus inappropriate for summary disposition under MCR 2.116(C)(10). There is evidence in the record that plaintiff had memory problems and a brain injury caused by the 2005 accident. Yet, in the absence of evidence indicating that plaintiff's memory loss affected his ability to understand that the forms he signed contained false statements, it is speculative to conclude that his memory issues caused him to fail to realize or appreciate that the answers he

signed contained materially false statements. See *West*, 469 Mich at 186-188. Furthermore, plaintiff did not assert, at any point during the proceeding, that he was incompetent to bring this case or testify in support of this case.

Even giving the benefit of reasonable doubt to plaintiff regarding his lack of knowledge at the time of answering the interrogatories, no reasonable jury could find that plaintiff did not know if he had been in another accident after filing the complaint regarding PIP benefits from the 2017 accident. Plaintiff necessarily knew the representations in his answers to interrogatories were false *once he filed the complaint*, in which he affirmed that he had been in an accident and sustained injuries in that accident. Yet he did not seek to amend his interrogatory responses even after filing the complaint. "[F]raud may be established by *circumstantial evidence*. In other words, fraudulent or wrongful conduct may be inferred from other evidence." *Foodland Distributors v Al-Naimi*, 220 Mich App 453, 458; 559 NW2d 379 (1996) (citation omitted). Regardless of plaintiff's deposition testimony—and giving him the benefit of the doubt that he did not recall his involvement in any other accidents or claims to MAIPF at the time of his deposition—he nonetheless affirmatively represented in his interrogatory answers that he had not been involved in another accident and that he had not filed another claim for separate PIP benefits, and he never sought to amend these false statements.

Plaintiff additionally argues that, even if he knowingly submitted false information to defendant, such information was not material to his claim. "A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420, 425; 864 NW2d 609 (2014) (cleaned up). Plaintiff argues that, because his 2017 MAIPF claim application listed injuries separate and distinct from the brain injury at issue from the 2005 accident (i.e., injuries to plaintiff's lower and middle back, right shoulder, right arm, and right knee), information regarding the existence of the 2017 accident was immaterial to the case at hand. Plaintiff additionally argues that the trial court ruled as a matter of law that he had been injured in the 2005 accident because of the collateral estoppel effect of the prior arbitration award. A determination regarding the *existence* of an injury, however, does not equate with a determination of the *extent* of the injury. Even if plaintiff did not claim further brain injury in connection with the 2017 accident, it is reasonable to believe that the 2017 accident nevertheless could have exacerbated plaintiff's preexisting brain injury from the 2005 accident. Any effect on the preexisting injury would potentially alter the medical care necessary to treat the injury, and thus, also affect the determination of what PIP benefits were owed to plaintiff resulting from the 2005 accident. Therefore, plaintiff's involvement in the 2017 accident, and his efforts to obtain PIP benefits arising from that accident, were reasonably related to defendant's investigations of whether treatments underwent by plaintiff were reasonably necessary for his care, rehabilitation, and recovery from the 2005 accident. See *id*.

Accordingly, there is no genuine dispute of material fact that plaintiff knowingly presented false statements to defendant in support of his claim for PIP benefits, and that such statements were material to his claim. See *Candler*, 321 Mich App at 781-782. The trial court did not err in its determination that plaintiff committed a fraudulent insurance act under MCL 500.3173a(2) and was thus "ineligible for payment or benefits under the assigned claims plan." MCL 500.3173a(2).

Affirmed.  Defendant, having prevailed in full, may tax costs under MCR 7.291(F).


                                        /s/ Christopher M. Murray
                                        /s/ Brock A. Swartzle
                                        /s/ Thomas C. Cameron