*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERNESTO ARELLANO and COLETTE
SCHONFELD,

UNPUBLISHED
May 25, 2023

Plaintiffs-Appellees,

v

US ECOLOGY LIVONIA, INC., formerly known as
EQ THE ENVIRONMENTAL QUALITY
COMPANY,

Defendant-Appellant.

No. 360668
Wayne Circuit Court
LC No. 19-007067-NO

Before: GLEICHER, C.J., and HOOD and MALDONADO, JJ.

PER CURIAM.

Defendant US Ecology Livonia, Inc., formerly known as EQ The Environmental Quality Company (US Ecology), appeals by leave granted[1] the trial court's grant of a default against US Ecology as a discovery sanction. We reverse and remand for further proceedings.

## I. BACKGROUND

This case arises out of plaintiff Ernesto Arellano's exposure to fumes that caused chemical burns. US Ecology is a hazardous waste handler that operates a facility in Detroit, Michigan. Arellano is a hazardous waste and chemical transportation driver. In late March 2018, Arellano delivered a tanker of bleach to US Ecology's hazardous waste facility in Detroit. A US Ecology employee instructed Arellano to offload some of the bleach into a specific open retaining pond. Arellano believed the pond contained water. When he poured the bleach into the retaining pond, however, Arellano was overwhelmed with fumes from the pond and suffered chemical burns to

---

[1] *Arellano v US Ecology Livonia, Inc (After Remand)*, unpublished order of the Court of Appeals, entered July 14, 2022 (Docket No. 360668).

his face, throat, and lungs. Only after Arellano's exposure to the fumes did US Ecology's employee inform him that the pond contained cyanide, not water.

In mid-May 2019 Arellano and his wife, plaintiff Colette Schonfeld,[2] sued US Ecology, raising essentially three claims: negligence, gross negligence, and, with respect to Schonfeld, loss of consortium. Shortly after they filed their complaint, plaintiffs, in mid-May 2019, requested production of documents and sent interrogatories related to insurance. US Ecology did not respond to these requests. In mid-December 2019, plaintiffs also sent US Ecology interrogatories regarding expert witnesses. In late January 2020, plaintiffs moved to compel answers to the interrogatories related to expert witnesses. US Ecology did not respond to this motion. In mid-February 2020, the trial court entered a stipulated order requiring US Ecology to provide answers to plaintiffs' interrogatories regarding expert witnesses. US Ecology answered the interrogatories, identifying its expert witnesses, two days after the court entered its order, but lodged several objections and provided limited information. For example, US Ecology objected to plaintiff's interrogatory asking for a summary of the experts' opinions and a copy of any written report on the basis that it was "outside the scope of permissible discovery as defined by MCR 2.302." Likewise, US Ecology objected to plaintiffs' interrogatory asking it to describe the subject matter on which the experts were expected to testify, stating only, "Defendant's experts are expected to testify as to subject matters within each expert's area of experience and expertise." In early October 2020, plaintiffs moved to compel US Ecology to more fully answer eight specific interrogatories regarding its expert witnesses. In early November 2020, the trial court granted the motion to compel more specific answers related to the expert witnesses. In response, US Ecology, in mid-November 2020, provided supplemental answers. Six of these supplemental answers were identical to the original answers.

In a letter to US Ecology's attorney, plaintiffs, in early October 2020, requested the personnel file of a former employee and US Ecology's Health and Safety Director at the time of the time of the incident, Maureen Sims. For seven months, US Ecology did not supply this requested file. In late April 2021, plaintiffs renewed the request for Sims's personnel file with a formal discovery request. In their April 2021 motion to compel, plaintiffs sought full answers to the interrogatories related to the expert witnesses. They also moved to compel answers to the insurance interrogatories originally requested in May 2019, and to compel production of Sims's personnel file. In mid-May 2021, the trial court granted the motion to compel all three items, giving US Ecology 28 days to provide the information. US Ecology still failed to comply.

In mid-July 2021, plaintiffs moved for entry of default for US Ecology's failure to provide discovery and comply with the related orders. Plaintiffs argued that default, though a severe sanction, was appropriate because US Ecology's conduct demonstrated a "repeated and willful refusal" to facilitate discovery and comply with the trial court's orders.

In early September 2021, plaintiffs again moved to compel discovery. In this fourth motion to compel, plaintiffs sought materials concerning the chemicals involved in the incident and any investigation defendant had done following the incident. In late September 2021, the trial court

---

[2] We refer to Arellano and Schonfeld collectively as "plaintiffs," otherwise we refer to them by their respective last names.

entered an order granting the fourth motion to compel. The order, however, did not indicate the exact materials or documents to be compelled.

The same day that the trial court entered its order granting plaintiffs' fourth motion to compel, US Ecology responded to plaintiffs' motion for entry of default. It asserted that it complied with multiple discovery requests and was in the process of gathering the remaining requested materials. US Ecology argued that plaintiffs' discovery requests were duplicative and overly burdensome, and that default was a drastic sanction considering its attempts to comply. US Ecology argued that a lesser sanction, such as a monetary sanction, would better serve the interest of justice.

In late September 2021, US Ecology filed supplemental answers to the expert witness interrogatories (three of which remained unchanged from the original and first supplemental answers) and produced some documents related to the chemicals involved in the incident. US Ecology also produced Sims's personnel file, which plaintiffs requested 11 months earlier, and other documents related to the bleach delivery and its investigation. It also lodged objections to each of the insurance interrogatories.

In early October 2021, the trial court granted plaintiffs' motion for entry of default without a hearing. In its form order, the trial court checked a box indicating that the motion was granted. The only other information provided in the order was a note indicating there would be a "[t]rial on damages only."

After the trial court entered its default order and US Ecology unsuccessfully moved for reconsideration and relief from the order, US Ecology applied for leave to appeal with this Court. It argued that the trial court abused its discretion by entering a default against US Ecology because it did not hold a hearing on the motion, and the trial court did not evaluate other, lesser options for sanctions. This Court, instead of granting the application, peremptorily vacated the trial court's order and remanded for reconsideration. *Arellano v US Ecology Livonia, Inc*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 358944). This Court concluded that the trial court "wholly failed to articulate its reasoning" for entering default as a sanction and failed to "evaluate any other potential sanctions on the record." *Id*. It directed the trial court on remand to "reconsider the motion and make a record of its decision." *Id*.

On remand, the trial court held a hearing and granted plaintiffs' motion for entry of default. The court explained that US Ecology had refused to provide multiple requested materials, directly contravening four orders compelling production. The trial court found that US Ecology was "stonewalling" plaintiffs, behavior it concluded warranted entry of default against US Ecology as to liability. The court then entered an order entering default. Once again, the trial court checked a box indicating the motion was granted and provided a note: "default—trial on damages only."

US Ecology again applied for leave to appeal to this Court. It argued that the trial court had, once again, abused its discretion by re-entering default against US Ecology when the court failed to consider other, lesser options for sanctions. We granted the application. *Arellano v US Ecology Livonia, Inc (After Remand)*, unpublished order of the Court of Appeals, entered July 14, 2022 (Docket No. 360668).

## II. STANDARD OF REVIEW

"We review a trial court's decision regarding discovery sanctions for an abuse of discretion." *In re Gregory Hall Trust*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 361528 & 362467); slip op at 2-3 (quotation marks and citation omitted). We also review a trial court's decision to default a party for an abuse of discretion. *Sturak v Ozomaro*, 238 Mich App 549, 569 n 14; 606 NW2d 411 (1999), abrogated on other grounds as stated in *Macomb Co Dep't of Social Servs v Westerman*, 250 Mich App 372, 378; 645 NW2d 710 (2002). A trial court abuses its discretion when its decision is outside the range of reasonable and principled outcomes. *In re Gregory Hall Trust*, ___ Mich App at ___; slip op at 3 (citation omitted). This Court has held that a trial court's failure to evaluate other sanction options on the record constitutes an abuse of discretion. See *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995) (concluding that a trial court's failure to consider options other than dismissal constituted an abuse of discretion).

## III. LAW AND ANALYSIS

US Ecology argues that the trial court abused its discretion by defaulting it as a sanction for discovery violations without adequately analyzing the underlying circumstances. It asserts that the court failed to explain, on the record, both its balancing of the factors it considered regarding the appropriateness of the default, and its evaluation of lesser sanction options. We agree.

Under MCR 2.313(B)(2), if a party "fails to obey an order to provide or permit discovery," including an order entered related to a motion for an order compelling disclosure or discovery, "the court in which the action is pending may order such sanctions as are just . . . ." Such permissible sanctions include "an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.]" MCR 2.313(B)(2)(c).

Trial courts have the inherent authority to sanction litigants and their attorneys. *Maldonado v Ford Motor Co*, 476 Mich 372, 375; 719 NW2d 809 (2006) (citations omitted). "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. (citation omitted). Although courts may default a party as a sanction for discovery abuses, it is a drastic measure to be used with caution and only in the most egregious circumstances. See *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396; 484 NW2d 718 (1992); *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998); *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87; 618 NW2d 66 (2000). Default may be too harsh a sanction, even if a party fails to comply with discovery orders. *Goodhue v Delta Mfg, Inc*, 437 Mich 852, 852; 461 NW2d 717 (1990). Accordingly, it should only be entered with "flagrant and wanton refusal[s] to facilitate discovery . . . ." *Frankenmuth Mut Ins Co*, 193 Mich App at 397. In other words, "the failure must be conscious or intentional, not accidental or involuntary." *Id*. See also *Thorne v Bell*, 206 Mich App 625, 633; 522 NW2d 711 (1994); *Traxler*, 227 Mich App at 286; *Kalamazoo Oil Co*, 242 Mich App at 86.

In *Traxler*, this Court explained the factors trial courts should consider before entering a default:

Before imposing the sanction of a default judgment, a trial court should consider whether the failure to respond to discovery requests extends over a substantial period of time, whether an existing discovery order was violated, the amount of time that has elapsed between the violation and the motion for a default judgment, the prejudice to [the party requesting default], and whether wil[l]fulness has been shown. The court should evaluate other options before concluding that a drastic sanction [like default] is warranted. [*Traxler*, 227 Mich App at 286.]

Thus, before ordering a default, trial courts should consider the timespan over which a party fails to respond to discovery requests, whether the party violated existing discovery orders, the time between the violation and the filing of the request for a default, whether there is any prejudice to the party requesting default, whether there has been a showing of willfulness, and whether lesser sanctions may address the court's concerns. *Id*. Other relevant factors include whether the party has a history of refusing to comply with discovery requests or of deliberate delay. See *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995); *Swain v Morse*, 332 Mich App 510, 524; 957 NW2d 396 (2020) (citation omitted). And "because default is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil Co*, 242 Mich App at 88.

The trial court's explanation for entering a default against US Ecology did not comply with the required considerations under *Traxler* or with this Court's earlier order in Docket No. 358944. Its explanation was limited to a few sentences at the hearing and does not facilitate meaningful appellate review. The trial court stated:

Despite the fact that the case has been pending for over 2 years the Defendant had refused to provide full and complete answers to basic Interrogatories, including insurance, Defendant's retained experts and the personnel file of a key witness Maureen Sims.

The Plaintiffs were forced to file four Motions to Compel with his [sic] case in their efforts to obtain the basic discovery. The Court entered four orders telling the Defendant to answer the requested discovery . . . .

\* \* \*

So it appear[s] to the Court Defendant was stonewalling the Plaintiffs in this case . . . and that's the reason why [the trial court entered default], they weren't complying with four court orders.

The trial court, therefore, abused its discretion in imposing sanctions for two reasons. First, the trial court failed to adequately explain its decision to enter a default. This Court directed the trial court to consider several factors before entering a default, and that it "must also evaluate on the record other available options before concluding" that US Ecology's conduct warranted entry of a default. *Arellano v US Ecology Livonia, Inc*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 358944). The trial court's explanation, however, falls short of this directive. The court briefly mentioned the timespan over which the violations occurred, US

Ecology's noncompliance with court orders, and what it viewed as "stonewalling." See *Traxler*, 227 Mich App at 286. It also briefly mentioned US Ecology's refusal to comply and history of deliberate delay. See *id*. But the trial court did not mention the time between the discovery violations and the motion for entry of default, nor how plaintiffs were prejudiced, if at all. See *id*.

Second, the trial court abused its discretion when it selected a default sanction because—despite specific instructions from this Court to do so—it failed to evaluate on the record whether a sanction less severe than default would remedy its concerns about US Ecology's conduct. See *Arellano v US Ecology Livonia, Inc*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 358944), quoting *Frankenmuth Mut Ins Co*, 193 Mich App at 397 (" 'The court must also evaluate on the record other available options before concluding that a drastic sanction is warranted.' "). As this Court previously observed, the trial court "did not comply with its obligation to evaluate any other potential sanctions on the record." See *Arellano v US Ecology Livonia, Inc*, unpublished order of the Court of Appeals, entered January 4, 2022 (Docket No. 358944). It is very possible that default is the appropriate sanction for the ostensibly egregious dilatory conduct of US Ecology, but the trial court must consider other possible sanctions on the record and must explain why a lesser sanction is inadequate under the circumstances of this case. The trial court's failure to clearly and thoroughly state on the record both its findings, and its consideration of lesser sanctions, does not meaningfully facilitate appellate review. *Vicencio*, 211 Mich App at 506. The court, therefore, abused its discretion in entering a default against US Ecology. *Id*.

We reiterate that "it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review." *Kalamazoo Oil Co*, 242 Mich App at 88. The trial court's explanation did not adhere to these obligations and failed to comply with our previous order. The court, therefore, abused its discretion when it entered a default against US Ecology without adequate explanation or consideration of alternative sanctions.

## IV. CONCLUSION

We reverse and remand for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Noah P. Hood
/s/ Allie Greenleaf Maldonado

# Court of Appeals, State of Michigan

## ORDER

ERNESTO ARELLANO V US ECOLOGY LIVONIA INC

Docket No.    360668

LC No.         19-007067-NO

Elizabeth L. Gleicher
Presiding Judge

Noah P. Hood

Allie Greenleaf Maldonado
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 21 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, on remand, the trial court must consider on the record the factors identified in *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998), and consider the availability of lesser sanctions before determining whether default against US Ecology Livonia, Inc. is the appropriate sanction. The trial court must balance these factors and explain its reasons for imposing its sanction in an order that allows for meaningful appellate review. *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 87- 88; 618 NW2d 66 (2000)." The proceedings on remand are limited to these issues.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

May 25, 2023
Date

Chief Clerk