THORNE v BELL

Docket Nos. 142116, 142122, 145272, 145273. Submitted May 16, 1994, at Grand Rapids. Decided September 6, 1994, at 9:35 A.M.

Thomas W. and Sandra H. Thorne brought in the Kalamazoo Circuit Court an action against Robert Bell and another action against Roger Cayo, Little Caesar Enterprises, Inc., and others. Cayo and others filed a counterclaim against the Thornes. Little Caesar Enterprises, Inc., brought an action in the same court against Cayo and others, who in turn brought a third-party action against the Thornes. The Thornes filed a counterclaim against Cayo and others in the third-party action. The actions were consolidated for trial and the court, Michael H. Cherry, J., entered a discovery order directing the parties to reveal their respective exhibits, witnesses, and summaries of the expected testimony of the witnesses. When the Thornes failed to do so, Bell and Cayo and others moved for summary disposition of the Thornes' claims against them. The court granted the motions pursuant to MCR 2.504(B)(1) and MCR 2.313(B)(2)(c) and entered default judgments against the Thornes in their actions against Bell and Cayo and others. Cayo and others subsequently moved to strike the Thornes' answer to the third-party complaint, arguing that the Thornes filed the answer late. The court granted the motions and entered a default judgment against the Thornes. Cayo and others were awarded damages, interest, costs, and attorney fees on their default judgments against the Thornes following a bench trial. The Thornes filed four separate appeals, and the appeals were consolidated.

The Court of Appeals *held:*

The trial court abused its discretion in dismissing the Thornes' claims against Bell and Cayo and others. Although the Thornes failed to comply with the discovery order directing them to reveal their exhibits, witnesses, and expected testi-

REFERENCES

Am Jur 2d, Depositions and Discovery, §§ 374-376, 391, 392.

Judgment in favor of plaintiff in state court action for defendant's failure to obey request or order to answer interrogatories or other discovery questions. 30 ALR4th 9.

mony of witnesses, default judgment as a sanction for the Thornes' violation was not appropriate, given the absence of a history of recalcitrance or deliberate noncompliance with discovery orders by the Thornes, delay by Bell and Cayo and others in seeking dismissal of the claims, the trial court's failure to evaluate other sanctions, and the trial court's disparate treatment of Little Caesar Enterprises' identical violation of the discovery order. The dismissal of the Thornes' complaints against Bell and Cayo and others must be reversed. The trial court's grant of the motion to strike the Thornes' answer to the complaint in the third-party action also must be reversed, and the default judgments and award of damages, costs, and attorney fees against the Thornes must be vacated. At trial on remand, the Thornes are limited to calling as witnesses only parties to the consolidated cases.

Reversed and remanded.

M. G. HARRISON, J., concurring, stated that there should be no obligation by Bell and Cayo and others to secure the Thornes' compliance with the trial court's discovery order.

PRETRIAL PROCEDURE — DISCOVERY — REMEDIES — DEFAULT JUDGMENTS.

A court contemplating a default judgment as a sanction for discovery abuses should consider whether a failure to respond to discovery requests extended over a substantial period, whether there was compliance with a court order directing discovery, the amount of time that elapsed between the violation and the motion for default judgment, and whether wilfulness was shown; the court also must evaluate on the record other available options before concluding that a default judgment is warranted; a default judgment should be employed only where there has been a flagrant and wanton refusal to facilitate discovery (MCR 2.313[B][2][c]).

*Gruel, Mills, Nims & Pylman* (by *Scott R. Melton* and *Brion J. Brooks*), for Thomas W. Thorne and Sandra H. Thorne.

*Oosterbaan, Cooper & Peterson* (by *Wesley L. McPeek*), for Robert Bell.

*Alan H. Silverman, P.C.* (by *Alan H. Silverman* and *Danielle L. Streed-Curtis*), for Roger Cayo, Jack L. Stevens, and Larry Leatz.

Before: DOCTOROFF, C.J., and TAYLOR and M.G. HARRISON,* JJ.

DOCTOROFF, C.J. In Docket Nos. 142116 and 142122, plaintiffs Thomas W. Thorne and Sandra H. Thorne appeal as of right from a May 17, 1991, order dismissing their complaints against defendant Robert Bell and defendants Roger Cayo, James L. Stevens, Roccy M. DeFrancesco and Larry Leatz (defendants Cayo et al) and dismissing their answer to the counterclaim of defendants Cayo et al for failure to timely reveal trial witnesses and exhibits. In Docket Nos. 145272 and 145273, plaintiffs appeal as of right from a September 25, 1991, judgment of default entered against them as a result of their failure to timely file an answer to the third-party complaint of defendants Cayo et al. We reverse and remand.

In 1984, defendants Cayo et al formed a Michigan corporation known as A-1 Food Enterprises, Inc., for the purpose of developing and operating Little Caesar Pizza restaurants in Nebraska. In 1986, plaintiffs became interested in obtaining a Little Caesar Pizza franchise and were directed to contact defendants Cayo et al, who indicated they would entertain other investors in A-1. Plaintiffs invested $50,000 in A-1 and received five hundred shares of common stock as a twenty-percent owner of the corporation in January 1987. Other acquaintances of plaintiffs, including Jack DeMaagd, Robert Kropf, and William Schlee also invested in A-1.

In July 1987, defendants Cayo and DeFrancesco sought to redeem their shares in A-1. To accomplish this, plaintiffs and other shareholders of A-1 signed a hold harmless agreement for the benefit of defendants Cayo and DeFrancesco, a promissory note to repay defendant Cayo the sum of $15,000,

* Circuit judge, sitting on the Court of Appeals by assignment.

and a personal guarantee on amounts due and owing to defendant Cayo by A-1.

Soon thereafter, plaintiffs discovered A-1's financial status was not as solid as they had believed. According to plaintiffs, defendants Cayo et al made false representations and failed to disclose material information to plaintiffs regarding, but not limited to, A-1's financial situation, A-1's franchisee status, and defendants' ability to assign their franchise agreement with Little Caesar to plaintiffs and the other new shareholders. Plaintiffs alleged these misrepresentations induced them to infuse additional capital into A-1 and to execute the redemption, hold harmless agreement, promissory note, and personal guarantee. As a result, plaintiffs filed a complaint against defendants Cayo et al on August 26, 1988, alleging that the defendants' conduct violated federal and state securities laws and constituted common-law fraud (Lower Court Case No. 88-002264).

Plaintiffs amended their complaint to add Little Caesar Enterprises, Inc. (LCE), asserting that LCE committed fraud or made material misrepresentations regarding A-1's status as an approved franchisee, the value of the Nebraska franchises, and the availability of purchasers for the Nebraska franchises.

On October 2, 1989, defendants Cayo et al filed a countercomplaint against plaintiffs, asserting that Thomas Thorne (1) defaulted on the promissory note and personal guarantee for $15,000 in connection with the redemption of Cayo's stock in A-1, (2) breached the hold harmless agreement releasing defendants Cayo and DeFrancesco from all liability in connection with A-1, and (3) breached the hold harmless agreement by failing to obtain releases from A-1's creditors on behalf of defendants Cayo and DeFrancesco.

On October 25, 1989, plaintiffs filed an answer to the countercomplaint, claiming defendants Cayo et al made material misrepresentations and omissions that caused plaintiffs to sign the redemption agreement, hold harmless agreement, promissory note, and personal guarantee. Therefore, these documents were not binding and were unenforceable.

During the course of these proceedings, plaintiffs also filed suit against Robert Bell on April 27, 1989, alleging that Bell was A-1's certified public accountant, that Bell prepared the corporation's financial statements, that Bell breached his fiduciary duty to plaintiffs, and that plaintiffs relied to their detriment on Bell's misrepresentations regarding the corporation's status when plaintiffs agreed to redeem defendants Cayo and DeFrancesco's shares in A-1 (Lower Court Case No. 89-001112).

Lce subsequently filed a complaint against defendants Cayo et al for collection of royalties and payment of certain promissory notes associated with A-1's Little Caesar franchises operated in Nebraska (Lower Court Case No. 89-001050). In connection with this complaint, defendants Cayo et al filed a third-party complaint against several individuals, including Thomas Thorne, for indemnification regarding Little Caesar's allegations, pursuant to the agreement to redeem stock and agreement to hold harmless. This third-party complaint is substantively identical to the counterclaim filed by defendants Cayo et al in Lower Court No. 88-002264.

The three actions were consolidated in the trial court. On July 17, 1990, a pretrial order was entered providing in pertinent part:

1. On or before November 16, 1990, Plaintiffs

shall *reveal* all exhibits and witnesses, including experts, together with a short summary of the witnesses' expected testimony.

2. On or before February 15, 1991, Defendants shall reveal all exhibits and witnesses, including experts, together with a short summary of the witnesses' expected testimony.

3. All discovery shall be completed by April 19, 1991.

4. All substantive motions shall be filed by April 19, 1991.

Plaintiffs never filed formal witness or exhibit lists.

On April 18, 1991, one day before the discovery deadline, defendant Bell filed a motion for summary disposition pursuant to MCR 2.116(C)(10), or alternatively, a motion to dismiss with prejudice pursuant to MCR 2.504(B)(1) and MCR 2.313(B)(2). In his motion, defendant Bell asserted that plaintiffs failed to reveal their exhibits, lay and expert witnesses, and a summary of the witnesses' proposed testimony, which prejudiced defendant Bell's ability to take necessary discovery depositions, rebut plaintiffs' claims, and establish a defense at trial. Defendant Bell argued that plaintiffs, having failed to timely disclose their witnesses and exhibits, were thereby precluded from calling any witnesses or introducing any exhibits at trial, which in turn entitled defendant Bell to summary disposition because there were no genuine issues of material fact in controversy. On April 19, 1991, defendants Cayo et al filed an identical motion.

In their brief opposing these motions, plaintiffs asserted they complied with the court's pretrial order by revealing their witnesses and exhibits during exhaustive depositions of plaintiffs and through their answers to interrogatories drafted

by defendants Bell and LCE. Plaintiffs asserted that defendants suffered no prejudice.

Recognizing that dismissal with prejudice was the most extreme sanction a court could impose, the court nevertheless granted summary disposition for defendants Bell and defendants Cayo et al, dismissing plaintiffs' complaint against defendant Bell in case no. 89-001112,[1] and also dismissing plaintiffs' complaint against defendants Cayo et al and plaintiffs' answer to the counterclaim of defendants Cayo et al in case no. 88-002264, and entering default judgments in both cases.[2]

Plaintiffs filed a motion for reconsideration accompanied by a witness list and an exhibit list. The trial court denied the motion.

On May 1, 1991, a stipulated order dismissing plaintiffs' claims against LCE in lower court no. 88-002264 was entered.

On May 24, 1991, defendants Cayo et al filed a motion to strike plaintiffs' answer to defendants' third-party complaint in case no. 89-001050 for plaintiffs' late filing of the answer. The trial court granted defendants' motion, striking plaintiffs' answer to the third-party complaint pursuant to MCR 2.115 and MCR 2.401, and entered an order finding that plaintiffs had defaulted.

On August 21, 1991, a bench trial was commenced on the third-party complaint of defendants Cayo et al against Jack DeMaagd and to determine damages on the default judgments of defendants Cayo et al against plaintiffs in case nos. 88-002264 and 89-001050. Plaintiffs' counsel was not permitted to call witnesses, but could cross-exam-

---

[1] The Thornes appealed this decision in Court of Appeals Docket No. 142116.

[2] The Thornes appealed this decision in Court of Appeals Docket Nos. 142122 and 145273.

ine the only two trial witnesses, defendants De-Francesco and Cayo.

At the close of proofs, the trial court entered judgment in favor of defendants Cayo et al and against plaintiffs and Jack DeMaagd, jointly and severally, in the amount of $29,078 plus interest, reasonable costs, and $6,000 in attorney fees. The trial court further entered judgment in favor of defendant DeFrancesco against the same parties in the amount of $28,078 plus interest, costs, and $6,000 in attorney fees. The court also ordered plaintiffs and DeMaagd to pay defendant Cayo $15,000 plus interest, which was due and payable on July 1, 1988, pursuant to the promissory note.[3]

In October 1991, defendants Cayo et al and LCE stipulated the dismissal of all claims existing between them.

Plaintiffs first argue that the trial court abused its discretion in dismissing their complaints against defendant Bell and defendants Cayo et al for failure to comply with the trial court's discovery order. We agree.

The trial court dismissed plaintiffs' complaints against defendant Bell and defendants Cayo et al under MCR 2.504(B)(1) and MCR 2.313(B)(2). MCR 2.504(B)(1) provides that a defendant may move for the dismissal of an action if the plaintiff fails to comply with the court rules or a court order. MCR 2.313(B)(2)(c) authorizes a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery.

Before imposing the sanction of a default judgment, a trial court should consider whether the

---

[3] The Thornes appealed the judgment on the third-party complaint of defendants Cayo et al in Court of Appeals Docket No. 145272. All four claims of appeal filed by the Thornes were consolidated on appeal.

failure to respond to discovery requests extends over a substantial period of time, whether an existing discovery order was violated, the amount of time that has elapsed between the violation and the motion for a default judgment, the prejudice to defendant, and whether wilfulness has been shown. *Mink v Masters,* 204 Mich App 242, 244; 514 NW2d 235 (1994); *Frankenmuth Mutual Ins Co v ACO, Inc,* 193 Mich App 389, 396-397; 484 NW2d 718 (1992). The court should evaluate other options before concluding that a drastic sanction is warranted. *Mink, supra.* The sanction of a default judgment should be used only when there has been a flagrant and wanton refusal to facilitate discovery. *Id.* We review discovery sanctions for an abuse of discretion. *Dean v Tucker,* 182 Mich App 27, 32; 451 NW2d 571 (1990).

First, contrary to plaintiffs' arguments, we find that they violated the trial court's scheduling order in failing to file witness and exhibit lists. The language in the scheduling order indicated that the parties had to reveal all exhibits and witnesses together with a short summary of the witnesses' expected testimony. For plaintiffs to argue that the order did not require them to file formal witness and exhibit lists is somewhat lame in light of the standards of litigation practice throughout the state. Moreover, any revelation of witnesses that occurred in the answers to interrogatories did not include a complete summary of the witnesses' expected testimony as required by the scheduling order. Failure to file witness and exhibit lists violated the trial court's order.

However, violation of the order did not justify the dismissal of plaintiffs' complaints against defendant Bell and defendants Cayo et al under the facts of this case. The record does not disclose a history of recalcitrance or deliberate noncompli-

ance with discovery orders, which typically precedes the imposition of such a harsh sanction. Also, neither defendant Bell nor defendants Cayo et al previously moved to obtain an order to compel plaintiffs to file witness and exhibit lists before the motion for summary disposition was filed. Instead, defendants Bell and Cayo et al waited until the close of discovery, five months after the date plaintiffs were required to reveal their trial witnesses and exhibits, before filing the motion for summary disposition. Such a delay on the defendants' part works against them on their motion for entry of a default judgment.

Next, there is no indication in the record that plaintiffs wilfully disregarded the order. The proceedings in these consolidated cases were complex, involving three actions that in turn included two counterclaims and a third-party complaint. The first two years of discovery were complicated by several recusals, reassignments, and amendments of pleadings. The confusion in the proceedings below, together with the absence of any pattern of recalcitrance or affirmative evidence that noncompliance with the scheduling order was deliberate, dictates the conclusion that the violation was not wilful.

We do not accept the argument that defendant Bell and defendants Cayo et al suffered substantial prejudice by plaintiffs' failure to file witness and exhibit lists. Defendants had deposed plaintiffs. Moreover, plaintiffs had previously indicated to defendants the names of potential trial witnesses and trial exhibits in their answers to interrogatories. Plaintiffs' answers to LCE's interrogatories even included a general summary of the testimony of named witnesses. Also, the majority of potential witnesses named by plaintiffs in the answers to interrogatories were defendants and other parties

to the action. Further reducing the prejudice suffered by defendant Bell and defendants Cayo et al is the fact that defendants could have moved sooner to compel the information from plaintiffs. This would have resulted in the information desired by defendants in time to conduct further discovery if needed.

Finally, the trial court's dismissal of plaintiffs' complaints is inconsistent with the various discretionary discovery sanction options available to it. *Grubor Enterprises, Inc v Kortidis,* 201 Mich App 625, 628-629; 506 NW2d 614 (1993). The court's failure to evaluate these options on the record before concluding that dismissal of the complaint was warranted constituted error. *Frankenmuth, supra.*

In addition to the factors set forth above, the trial court's disparate treatment of LCE for an identical violation of the trial court's scheduling order necessitates a finding of abuse of discretion. LCE, in its action against defendants Cayo et al in case no. 89-001050, also failed to timely file witness and exhibit lists. When defendants Cayo et al moved to dismiss LCE's complaint against them for noncompliance with the trial court's scheduling order and raised the same arguments that persuaded the trial court to dismiss plaintiffs' complaints, the trial court denied the motion. The trial court stated that it was persuaded by LCE's participation in discovery and noted that LCE's failure to file was accidental. The trial court also noted that LCE had revealed its witnesses and exhibits in its pretrial summary of December 27, 1991, resulting in only slight prejudice to Cayo et al

The trial court's attempt to distinguish between plaintiffs and LCE is unsuccessful. Contrary to the trial court's statement, LCE had a more extensive

history of noncompliance with discovery than plaintiffs. Also, plaintiffs, like LCE, filed a pretrial summary that contained a list of trial exhibits. Taking plaintiffs' pretrial summary and their answers to interrogatories together, defendants were given as much notice of plaintiffs' witnesses and exhibits as they were of LCE's. The trial court's disparate treatment of LCE and plaintiffs under identical circumstances is contrary to our notion of fairness and its ruling with respect to plaintiffs must be reversed.

The trial court erred in dismissing plaintiffs' complaints and entering default judgments in favor of defendant Bell and defendants Cayo et al on the eve of trial in the absence of a flagrant refusal to facilitate discovery. We reverse the trial court's dismissal of plaintiffs' complaints in case nos. 89-001112 and 88-002264. To eliminate the possibility of any prejudice to defendants resulting from plaintiffs' failure to file witness and exhibit lists while allowing plaintiffs' to effectively pursue their claims against defendant Bell and defendants Cayo et al, pursuant to this court's authority under MCR 7.216(A), we order that plaintiffs are limited to calling only parties to the consolidated cases at trial.

In light of our resolution of the foregoing issue, we also reverse the trial court's grant of the motion by defendants Cayo et al to strike plaintiffs' answer to the third-party complaint in case no. 89-001050 and the September 25, 1991, default judgment awarding defendant Cayo and defendant DeFrancesco damages and attorney fees. While defendants Cayo et al moved for and obtained a default judgment against plaintiffs in case no. 89-001050 on different grounds than that which we found inadequate above, because the counterclaim of defendants Cayo et al in case no. 88-002264 is

substantively identical to the third-party complaint in case no. 89-001050 and because we have determined that plaintiffs are entitled to proceed on their claims against defendants Cayo et al, we order that the entire matter be remanded for a trial on the merits.

Our vacation of the judgment against plaintiffs also makes it unnecessary for this Court to determine whether the trial court erred in awarding attorney fees.

We remand these consolidated cases for a trial on plaintiffs' claims against defendant Bell in case no. 89-001112, on plaintiffs' claims against defendants Cayo et al and on the claims of defendants Cayo et al against plaintiffs in case nos. 88-002264 and 89-001050 with the condition that plaintiffs are restricted to calling only parties to these consolidated cases as witnesses at trial.

Reversed and remanded.

TAYLOR, J., concurred.

M. G. HARRISON, J. *(concurring).*I concur except to the extent the majority opinion implies an obligation to take affirmative action to compel the disclosure of witnesses previously ordered by a court to be disclosed by a certain date in order to obtain the relief sought in this matter. No party should be required to secure compliance with a mandated order. Particularly in light of the facts of this case, I trust this expectation is dicta.