# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD BRAMLET and CHARLOTTE BRAMLET,

Plaintiffs/Counter-Defendants-Appellees,

v

SHAYLA MCDONOUGH and RICHARD ALVIN, II,

Defendants/Counter-Plaintiffs-Appellants.

UNPUBLISHED
March 17, 2015

No. 319284
Hillsdale Circuit Court
LC No. 13-000344-CH

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

In this real property dispute, defendants, Shayla McDonough and Richard Alvin, II, appeal by right the trial court's order dismissing their counterclaim against plaintiffs, Richard and Charlotte Bramlet (collectively, the Bramlets), under MCR 2.313(B)(2)(c). Because we conclude the trial court erred when it determined that McDonough and Alvin could not properly rely on the exhibits at issue and erred when it dismissed their counterclaim on that basis, we vacate the circuit court's order striking McDonough and Alvin's exhibits and dismissing their counterclaim, and remand for further proceedings.

In 2010, McDonough and Alvin took possession of real property owned by the Bramlets under the terms of a written contract. The Bramlets continued to be the owners of record while McDonough and Alvin paid the purchase price in monthly installments. McDonough and Alvin stopped making the monthly payments in June 2012.

In October 2012, the Bramlets sued McDonough and Alvin in district court to recover possession of the property. McDonough and Alvin filed a counterclaim in November 2012. They alleged that the Bramlets concealed numerous defects on the property, which fraudulently induced them to enter into the purchase agreement. McDonough and Alvin also requested that their counterclaim be transferred to circuit court because the amount in controversy exceeded the jurisdiction of the district court. In March 2013, the district court determined that the Bramlets had the right to repossess the property. In May 2013, the district court transferred McDonough and Alvin's counterclaim to the circuit court.

The trial court tried McDonough and Alvin's counterclaim in November 2013. After the jury was chosen and sworn, the Bramlets moved to strike McDonough and Alvin's exhibits on the ground that they violated the court's scheduling order by failing to submit an exhibit list by the deadline. The Bramlets also asked the trial court to direct a verdict because, without a written contract for the sale of the property as an exhibit, McDonough and Alvin would not be able to establish their counterclaim. The trial court agreed that the exhibits should be struck and agreed that McDonough and Alvin would be unable to establish their counterclaim without the exhibits; accordingly, it dismissed their counterclaim.

McDonough and Alvin then appealed the trial court's order striking their exhibits and dismissing their counterclaim. This Court reviews a trial court's decision to impose a sanction on a discovery violation for an abuse of discretion. *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011). A trial court abuses its discretion when it selects a remedy that is outside the range of principled outcomes. *Id.* at 659-660. This Court reviews de novo a trial court's decision on a motion for a directed verdict. *Taylor v Kent Radiology*, 286 Mich App 490, 499; 780 NW2d 900 (2009).

A trial court may sanction a party by dismissing his or her claim as a result of the failure to obey a discovery order. MCR 2.313(B)(2)(c). However, before dismissing an action under that rule, the trial court should consider several factors to determine whether such a severe sanction is warranted. *Thorne v Bell*, 206 Mich App 625, 632-633; 522 NW2d 711 (1994). The trial court should consider whether the party's failure to respond to discovery requests persisted over a substantial period of time, whether the party violated an existing discovery order, the amount of time between the violation and the motion for dismissal, prejudice to the other party, and whether the party's violations appear to be willful. *Id.* "The sanction of a default judgment should be used only when there has been a flagrant and wanton refusal to facilitate discovery." *Id.* at 633. The trial court must consider the " 'circumstances of each case to determine if such a drastic sanction is appropriate.' " *Duray Dev, LLC v Perrin*, 288 Mich App 143, 164-165; 792 NW2d 749 (2010), quoting *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). The record should indicate that the trial court carefully considered the circumstances of the case in determining the proper sanction. *Id.* at 165.

McDonough and Alvin violated the trial court's scheduling order by failing to submit an exhibit list. However, on this record, their failure cannot be characterized as a "flagrant and wanton refusal to facilitate discovery" sufficient to warrant the extreme sanctions of striking the exhibit and dismissing the counterclaim. *Thorne*, 206 Mich App at 633. There is no indication that McDonough and Alvin had a history of deliberate noncompliance with discovery orders. In addition, the Bramlets were plainly aware of the contract at issue and knew that it was not listed as an exhibit for several weeks before trial; yet they waited until the day of trial to seek a discovery sanction. Had they brought the issue to the trial court's attention earlier, any prejudice could have been readily cured and a less drastic remedy imposed. There is also evidence to suggest that the failure to submit a list of exhibits was inadvertent; the record shows that McDonough and Alvin did not submit an exhibit list because they assumed that the required exhibit—the contract at issue—was already submitted as an exhibit given that it was attached to documents in the district court and because McDonough and Alvin believed the contract was attached to their counter-complaint. Moreover, there is no indication on the record that the trial court evaluated other possible sanctions.

On this record, the trial court's sanction was disproportionate to the nature of the violation and the prejudice caused by it. Consequently, we must conclude that the trial court abused its discretion when it decided to strike the exhibits as a sanction and dismiss McDonough and Alvin's counterclaim. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). Accordingly, we reverse the trial court's decision, vacate its order striking McDonough and Alvin's exhibits and dismissing their counterclaim, and remand for further proceedings.

Reversed, vacated, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing parties, McDonough and Alvin may tax their costs. MCR 7.219(A).

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra