*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD HUBBARD and LISA HUBBARD,

Plaintiffs-Appellants,

v

FRANKENMUTH MUTUAL INSURANCE
COMPANY and CAROL ALEXANDER,

Defendants-Appellees.

UNPUBLISHED
February 20, 2020

No. 346076
Tuscola Circuit Court
LC No. 17-030086-NI

Before: SHAPIRO, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

Plaintiffs appeal by leave granted the dismissal of their first-party claim against their no-fault carrier, defendant Frankenmuth Mutual Insurance Company. The trial court dismissed plaintiffs' claim with prejudice after they failed to respond to discovery and failed to appear at a hearing on Frankenmuth's motion to compel discovery or in the alternative to dismiss. For the reasons stated in this opinion, we reverse and remand for further proceedings.

In December 2016, plaintiffs' car collided with a car driven by Carol Alexander. Plaintiffs alleged that they sustained injuries in the collision, including serious impairment of body function. In December 2017, plaintiffs filed a lawsuit asserting claims related to the collision. Count I of the lawsuit alleged that Frankenmuth failed to timely pay personal protection insurance benefits. Count II presented a third-party claim against Alexander.

On May 17, 2018, Frankenmuth served plaintiffs with interrogatories, requests for production of documents, and requests for admission. On July 13, 2018, plaintiffs responded to the requests for admission, but failed to respond to the interrogatories or to the requests for production.

On August 24, 2018, Frankenmuth filed a motion seeking an "entry of default," or alternatively to compel responses to the outstanding discovery requests and impose sanctions. The motion hearing was noticed for September 4, 2018, which was the day after Labor Day. Plaintiffs did not file a response to the motion, and they, as well as their counsel, failed to appear for the

hearing. The trial court found that plaintiffs received proper notice of the motion hearing, and then granted a dismissal for "plaintiffs' inability or refusal to comply with discovery."

On September 12, 2018, the trial court entered an order dismissing plaintiffs' claims against Frankenmuth with prejudice. Five days later, plaintiffs filed a motion for reconsideration of the dismissal order and for relief from judgment. They argued that dismissal was an inappropriate remedy when the court had not entered an order compelling discovery. They also argued that a lesser sanction would better serve the interests of justice. In addition, plaintiffs explained that their counsel's failure to appear for the motion hearing was due to his staff's scheduled vacation around the Labor Day holiday and that counsel did not became aware of the motion until the hearing date.

On October 3, 2018, the trial court issued an opinion and order denying plaintiffs' motion. The court determined that it could order a dismissal for failure to respond to discovery even in the absence of an order compelling discovery, citing MCR 2.313(D). The trial court also found that counsel's purported reason for missing the hearing was not an adequate reason to set aside the dismissal.[1] We granted plaintiffs' interlocutory application for leave to appeal. *Hubbard v Frankenmuth Mut Ins Co*, unpublished order of the Court of Appeals, issued March 25, 2019 (Docket No. 346076).

On appeal, plaintiffs argue that the trial court erred in dismissing their first-party claim. We agree.[2]

A trial court has authority to sanction a party or a party's counsel for failure to respond to discovery.[3] However, dismissal is a drastic and disfavored sanction. *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995); *Frankenmuth Mut Ins Co v ACO, Inc*, 193 Mich App 389, 396-397; 484 NW2d 718 (1992). "Our legal system favors disposition of litigation on the merits." *Vicencio*, 211 Mich App at 507. Before imposing such a drastic remedy, the trial court must evaluate all available options on the record. *Id*. at 506; *Draggoo v Draggoo*, 223 Mich App 415, 423-424; 566 NW2d 642 (1997).

Here, the trial court abused its discretion in dismissing plaintiffs' first-party claim without evaluating other available sanctions on the record. See *Vicencio*, 211 Mich App at 506-507;

---

[1] The trial court also rejected plaintiffs' argument that their claim should not have been dismissed because Frankenmuth's motion sought a default rather than a dismissal. Plaintiffs repeat this argument on appeal, and we agree with the trial court that it lacks merit. The trial court entered a dismissal, not a default, and so Frankenmuth's failure to identify the correct form of relief is irrelevant.

[2] We review a trial court's decision to dismiss an action for an abuse of discretion. *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007).

[3] At the time the trial court dismissed the case, the court rule allowing for sanctions for failure to respond to discovery was found in MCR 2.313(D). However, MCR 2.313 was substantially amended effective January 1, 2020. The pertinent subrule is now MCR 2.313(A)(6), which allows a trial court to order sanctions in connection with a motion to compel discovery.

*Thorne v Bell*, 206 Mich App 625, 635; 522 NW2d 711 (1994). We also conclude that dismissal was not warranted in this case. When assessing discovery sanctions, a court should consider

> (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. [*Dean v Tucker*, 182 Mich App 27, 32–33; 451 NW2d 571 (1990).]

The trial court had not previously entered any order regarding discovery, plaintiffs had not violated any other court order, and there is no indication that plaintiffs had a history of deliberate delay. While a court is not precluded from granting a dismissal for failure to respond to discovery, in the absence of a court order compelling discovery that is a particularly harsh result. See *Thorne*, 206 Mich App at 634 ("The record does not disclose a history of recalcitrance or deliberate noncompliance with discovery orders, which typically precedes the imposition of such a harsh sanction."). We recognize that plaintiffs' failure to respond to the motion or appear for the hearing contributed to the trial court's ruling. However, even under those circumstances, a court may not ignore the well-established caselaw governing dismissals for discovery misconduct. Given that there had not been a court order compelling discovery and that this was the first time that Frankenmuth sought court intervention regarding discovery, we conclude that the trial court abused its discretion in dismissing plaintiffs' first-party claim.

On remand, the trial court shall hold a hearing after which it may enter an order compelling discovery. The court may also consider imposing a sanction less than dismissal after it addresses the pertinent discovery-sanction factors on the record. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010) ("[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it.").

Reversed and remanded. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Kathleen Jansen
/s/ Michael J. Kelly

-3-