*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHEILA GREEN,

        Plaintiff-Appellant,

v

ESURANCE PROPERTY and CASUALTY
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
November 12, 2020

No. 349235
Wayne Circuit Court
LC No. 18-006643-NI

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting defendant's motion to dismiss plaintiff's case as a sanction for violation of the court's discovery order and other discovery violations. We affirm.

On June 13, 2018, plaintiff filed her first-party no-fault insurance case against defendant claiming that she was entitled to personal injury protection (PIP) benefits for injuries she suffered on March 12, 2016 in a motor vehicle accident, which defendant refused to pay. On August 10, 2018, defendant served written discovery requests on plaintiff's counsel, including interrogatories and a request for production of documents. When plaintiff's responses were not timely received, defendant filed a motion to compel those responses. Plaintiff's counsel did not appear at the hearing and the motion was granted. An order was entered in that regard on October 10, 2018. While plaintiff's responses were due within 14 days of the entry of the court's order, plaintiff did not submit her responses until 23 days later, on November 2, 2018. Defendant also had difficulty securing plaintiff's appearance for a deposition. Plaintiff's deposition was scheduled three different times but she failed to appear, prompting defendant to file another motion to compel on December 11, 2018.[1] Plaintiff's counsel did not appear at the hearing and the motion was granted

---

[1] The first cancellation occurred on the day of the scheduled deposition. The second cancellation occurred on the Friday before a Monday deposition, and there was no third cancellation—plaintiff and her counsel simply failed to appear at the scheduled deposition where defense counsel and a court reporter were waiting.

which included a sanction of $500 in costs and the directive that plaintiff appear for a deposition within 14 days. An order was entered in that regard on January 7, 2019.

Thereafter, defendant noticed the deposition of plaintiff as well as her purported service providers for January 11, 2019. While plaintiff appeared for her deposition, her service providers did not appear. Defendant attempted to reschedule the depositions of plaintiff's five purported service providers, but plaintiff's counsel did not respond to the requests although he had agreed to provide their contact information at plaintiff's deposition. Because of the outstanding discovery, defendant filed a motion to adjourn mediation and extend discovery. Defense counsel appeared at the scheduled hearing date of February 1, 2019, and explained to the court that additional discovery was required and the court granted defendant's motion. Plaintiff's counsel did not appear at that hearing.

On February 22, 2019, defendant filed a motion to dismiss for violation of discovery or, in the alternative, to compel the discovery depositions of plaintiff's service providers. Defendant argued that despite exhaustive efforts to obtain deposition dates for plaintiff's service providers, defendant had been unable to obtain such dates from plaintiff's counsel. Several exhibits, including emails to plaintiff's counsel, were attached to the motion. Defendant argued that plaintiff's blatant and continuous refusal to participate in the discovery process from the start of this case had caused substantial prejudice to defendant and should result in the dismissal of her action under MCR 2.313.

At the March 8, 2019 hearing on defendant's motion to dismiss, plaintiff's counsel responded: "She whined about a lot of stuff but my understanding and what I responded to is a motion to Compel Deposition of Care Providers, and that's a real simple response. She got a responsibility if she wants depositions for care providers, she's gotta serve a subpoena on them, and until she does that this Court doesn't have jurisdiction over them." Plaintiff's counsel further argued: "So all this whining and complaining and all this other stuff she's been talking about, doesn't amount to anything but a waste of the Court's time." Defense counsel responded that, because plaintiff's counsel did not respond to any of her requests for the addresses of these care providers, she could not send them subpoenas to appear for depositions. Defense counsel further argued: "It's like pulling teeth in this case for discovery and that's not fair for my client. My client has incurred so much cost from my filing of motions and appearing in court and that is not acceptable or fair to them." Therefore, defense counsel requested that the court dismiss the action with prejudice and sanction plaintiff. The trial court noted that, while it was true defense counsel could subpoena the care providers it was also true that plaintiff's counsel could cooperate. Plaintiff's counsel responded: "I mean if she, if she's nice about it I'll be happy to do that." Plaintiff's counsel continued that he was "not dealing with all this ranting and raving." The trial court denied defendant's motion, holding that defendant would have to subpoena the care providers. Plaintiff's counsel noted that all defense counsel had to do was send him interrogatories asking for the names and addresses of the care providers. Then he would have 21 days to provide the information. Defense counsel then reminded the court that all previous discovery requests have required an order from the court to get plaintiff's counsel to respond. After further discussion, the court ordered plaintiff's counsel to provide the contact information for all of plaintiff's care providers within 21 days. On March 11, 2019, an order was entered requiring that plaintiff provide the contact information for all alleged care providers, including the names, addresses, and telephone numbers, to defendant within 21 days.

Plaintiff did not provide the contact information for her care providers as directed by the trial court and in violation of the court's order. Therefore, on April 2, 2019 defendant filed a motion to dismiss plaintiff's case for violation of the court's order and for a history of discovery violations. The next day, plaintiff's counsel forwarded to defense counsel by email some of the ordered contact information but it was untimely and incomplete, particularly with regard to one of the alleged care providers. On April 9, 2019, defendant filed another motion to adjourn mediation and extend discovery because of the outstanding discovery. On April 10, 2019, plaintiff's counsel filed an answer to defendant's motion to dismiss asserting that the motion was moot because the information had been provided. On April 11, 2019, defendant filed a reply to plaintiff's answer, arguing that the contact information provided by plaintiff with regard to one of her alleged care providers was incomplete and inaccurate. Because of the misinformation, defendant was unable to subpoena the care provider for a deposition. And, defendant argued, attempts to contact plaintiff's counsel for the correct contact information had—unsurprisingly—been unsuccessful. Therefore, defendant did not withdraw its motion to dismiss this matter for violation of the court's order and for failure to provide discovery.

The hearing on defendant's motion proceeded on April 17, 2019. Plaintiff's counsel did not appear for the hearing. The court noted plaintiff's counsel's absence despite proper notice by defendant, as well as the court, and granted defendant's motion—dismissing plaintiff's case with prejudice.[2] Defense counsel requested additional monetary sanctions, and notified the court that plaintiff's counsel still had not paid the previously ordered sanction of $500. The court granted an additional $500 in sanctions, for a total of $1,000 to be paid within seven days. The order was entered on the same date as the hearing, April 17, 2019.

On April 18, 2019, plaintiff filed a motion under MCR 2.612(F) for relief from the order dismissing the case. Plaintiff argued that her counsel mistakenly believed the motion was going to be heard on April 19, 2019; thus, it was an inadvertent mistake and the sanction of dismissal was too harsh. Plaintiff did not address the underlying discovery violations or the failure to abide by the court's March 11, 2019 discovery order.

Defendant responded to plaintiff's motion, arguing that the dismissal order was a proper sanction considering the numerous and flagrant discovery violations that resulted in defendant having to file several motions for the trial court's assistance in completing basic discovery. And because plaintiff's counsel did not appear or was tardy for most of the hearings, defense counsel had to wait hours before the case was called by the court for those hearings.[3] Defendant also noted that, to date, plaintiff had still not paid the ordered sanctions in the amount of $1,000. Defendant

---

[2] The matter was noticed for a 10:00 a.m. hearing and it was after 12:00 p.m. when the court decided defendant's motion.

[3] For example, for the January 4, 2019 hearing, defense counsel waited about an hour and a half before the case was called by the court after plaintiff's counsel failed to appear; for the March 8, 2019 hearing, defense counsel waited over three hours before plaintiff's counsel appeared for the scheduled motion hearing; and on April 17, 2019, defense counsel waited over two hours before the case was called after plaintiff's counsel failed to appear.

recounted plaintiff's and her counsel's pattern of inexcusable delay and avoidance of discovery, and requested the trial court to affirm its dismissal order under MCR 2.313(B)(2)(c).

The hearing on plaintiff's motion for relief from the dismissal order was held on May 17, 2019, and plaintiff's counsel of record, Michael Fortner, did not appear. Another attorney appeared on behalf of plaintiff but he provided no explanation for the discovery violations. The trial court took the matter under advisement and issued a written order later that day denying plaintiff's motion. The court detailed the history of plaintiff's discovery failures and, while it was inclined to accept plaintiff's counsel's excuse for missing the hearing on defendant's motion to dismiss, the court noted that counsel failed to offer any explanation for the prior discovery violations. And, the court noted, plaintiff's counsel violated the court's most recent discovery order by failing to provide the complete contact information for plaintiff's care providers as ordered. The court concluded that, "while the court is willing to disregard Plaintiff's counsel's failure to attend the hearing, the Court cannot disregard the merits of the motion to dismiss, i.e., Plaintiff's repeated failure to provide discovery in this case, nor can the Court disregard Plaintiff's failure to account for this conduct." Thus, there was no basis for granting plaintiff relief from the order of dismissal and plaintiff's motion was denied. This appeal followed.

Plaintiff argues that the trial court's March 11, 2019 order requiring plaintiff to provide discovery within 21 days should be vacated because it was entered in contravention of the court rules. We disagree.

On June 13, 2018, plaintiff filed her first-party no-fault insurance case against defendant claiming that she was entitled to PIP benefits, including for replacement services and attendant care provided by her service providers. On September 6, 2018, shortly after defendant was served the complaint and filed an appearance, the trial court issued its Scheduling Order detailing the schedule of events for these proceedings. That Scheduling Order also contained provisions specific to no-fault cases, stating in relevant part:

> **IT IS HEREBY ORDERED that in all cases in which the Plaintiff is asserting a first-party claim for benefits under the Michigan No-Fault Act, MCL 500.3101,** *et seq.***, the following shall apply:**
>
> * * *
>
> 2. Within 28 days of entry of the first Scheduling Order, the Plaintiff shall identify all known service providers (medical, household, and/or attendant care) and the Plaintiff's employer(s) by name, address, and phone number. The Plaintiff shall immediately supplement as additional providers become known.

Despite the trial court's specific order mandating that plaintiff identify all service providers by name, address, and phone number within 28 days of the entry of that Scheduling Order, plaintiff's counsel refused to do so. On January 11, 2019, defendant noticed the depositions of plaintiff and her service providers but only plaintiff appeared. During her testimony, plaintiff identified by name some of her alleged service providers and apparently, following the deposition, plaintiff's counsel agreed to provide their contact information. He failed to do so. Because plaintiff failed to abide by the trial court's Scheduling Order by identifying and providing the contact information

for all of plaintiff's service providers, and then refused to honor his agreement to do so following plaintiff's deposition, defendant was again forced to seek the trial court's assistance in obtaining this mandated discovery information. And during the hearing on the matter, plaintiff's counsel argued that he did not have to provide the contact information for plaintiff's service providers—although plaintiff was seeking PIP benefits for the services allegedly provided to her by these same persons. Plaintiff's counsel only agreed to do so if defense counsel was "nice about it." The trial court, despite its Scheduling Order directive, gave plaintiff another 21 days to provide the contact information for plaintiff's service providers. Again, plaintiff's counsel failed to abide by the trial court's order. And when he finally did provide some contact information, it was inaccurate and incomplete—necessitating yet another motion to be filed by defendant for this basic discovery information that had been ordered by the trial court on September 6, 2018, as well as six months later on March 11, 2019.

Now on appeal plaintiff argues that the trial court "did not have the legal authority to issue the March 11, 2019 Order." In other words, plaintiff is arguing that the trial court did not have the legal authority to enforce its own September 6, 2018 Scheduling Order which mandated the disclosure of the contact information for plaintiff's service providers in this first-party no-fault case, and further, that the trial court did not have the legal authority to grant defendant's request that plaintiff be compelled to provide that contact information months later. This argument is without merit. Clearly the trial court had inherent authority to enforce its own orders, including its Scheduling Order directives. Further, at the hearing that culminated in the March 11, 2019 order, plaintiff's counsel agreed to provide the contact information for plaintiff's service providers but requested an additional 21 days to provide that information. Because of plaintiff's counsel's dilatory conduct throughout these proceedings, clearly the trial court could not simply rely on counsel's promise to do so; thus, an order was entered consistent with plaintiff's counsel's agreement to provide the contact information within 21 days. Accordingly, this argument is without merit.

Next, plaintiff argues that the trial court abused its discretion by dismissing this case as a discovery sanction. We disagree.

A trial court's imposition of discovery sanctions is reviewed for an abuse of discretion. *Traxler v Ford Motor Co*, 227 Mich App 276, 286; 576 NW2d 398 (1998). An abuse of discretion occurs when the decision is outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). We review de novo the interpretation and application of a court rule like MCR 2.313 as a question of law. *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 387; 761 NW2d 353 (2008). Factual findings underlying the trial court's decision are reviewed for clear error. *Id.* "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id.*

MCR 2.313(B)(2)(c) authorizes a trial court to enter an order dismissing a proceeding against a party who failed to obey an order to provide or permit discovery.[4] See also *Thorne v*

---

[4] We refer to the version of MCR 2.313 in effect at the time of these lower court proceedings but this court rule was amended effective January 1, 2020.

*Bell*, 206 Mich App 625, 632; 522 NW2d 711 (1994). And as plaintiff admits, MCR 2.504(B)(1) also grants the trial court the discretion to enter an order of dismissal if a party fails to comply with the court rules or a court order. But, plaintiff argues, before dismissing her action the trial court was required to carefully consider the circumstances of the case to determine whether the drastic sanction of dismissal of the case was just and proper. We agree. See *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995). Severe sanctions are generally proper "only when there has been a flagrant and wanton refusal to facilitate discovery and not when failure to comply with a discovery request is accidental or involuntary." *Traxler*, 227 Mich App at 286 (quotation marks and citation omitted). As plaintiff further notes, this Court has set forth some of the factors that may be considered by the trial court before imposing the sanction of dismissal, factors like: "(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice." *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), citing *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).

Plaintiff argues that the trial court failed to address any of these factors on the record before reaching its decision to dismiss plaintiff's case or even at the hearing on plaintiff's motion for relief from the dismissal order. However, neither plaintiff nor her counsel of record were present at the hearing when the trial court granted defendant's motion to dismiss plaintiff's case for violation of the court's order and for a history of discovery abuses. In fact, plaintiff's counsel of record rarely appeared at any of the court hearings held in this matter—not even at the hearing on plaintiff's motion for relief from the order dismissing the case. And in plaintiff's motion for relief from the dismissal order, plaintiff merely stated that the sanction of dismissal was too harsh. The motion did not cite to any legal authority or state any of the factors that the court should have considered before dismissing the case. In that motion, plaintiff made no effort to analyze the applicable factors that might have persuaded the court that dismissal was too harsh. Likewise, as the trial court noted, plaintiff's motion for relief from the dismissal order did not even address plaintiff's extensive history of discovery violations or attempt to offer any rationale or explanation for this unacceptable conduct. In light of the fact that the trial court presided over the entirety of this case, including the several motions related to plaintiff's discovery violations and the motion to adjourn scheduling dates because of plaintiff's counsel's dilatory conduct, it is obvious that the court was well aware of the relevant circumstances when the court granted defendant's motion to dismiss plaintiff's case because of "Plaintiff's repeated discovery abuses."

Moreover, it appears that the trial court did consider several relevant factors before imposing the sanction of dismissal. At the May 17, 2019 hearing on plaintiff's motion for relief from the dismissal order, the trial court noted that plaintiff's counsel had previously been sanctioned $500 for discovery abuses and his conduct did not change. That is, the court already tried a less severe sanction to no avail. The trial court also noted that this case was filed in 2018, meaning that almost a year later basic discovery had still not been completed because of plaintiff's discovery violations. Defense counsel also reminded the trial court of the prejudice suffered by her client because of the discovery abuses. In particular, this was a three-year old accident and only very minimal discovery had been allowed by plaintiff's counsel, including the incomplete deposition testimony of the plaintiff herself. Further, defendant had incurred substantial unnecessary expense because of defense counsel having to file numerous motions and then attend

numerous hearings on those motions—which took hours because plaintiff's counsel did not appear or was late. Before taking this matter under advisement, the trial court informed the attorney who appeared on behalf of plaintiff for her motion for relief from the dismissal order that he needed "to get more acquainted with the circumstances of this case." And in its opinion and order denying plaintiff's motion, the court referred to plaintiff's history of "repeated discovery abuses," as well as the fact that plaintiff "violated this court's most recent discovery order by failing to provide the information within the deadline imposed in the order, and by failing to provide complete information, i.e., the names and addresses of all of Plaintiff's providers." Further, the court noted, plaintiff did not even attempt to explain this conduct. In summary, it is clear from the record that the trial court considered several relevant factors pertaining to the circumstances of this case before deciding to impose the sanction of dismissal. And that decision did not constitute an abuse of discretion. See *Maldonado*, 476 Mich at 388.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello