*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIFFANY JEN-NAY BALZESKI,

      Plaintiff-Appellant,

v

CHRISTOPHER MICHAELL LAVOIE,

      Defendant-Appellee.

UNPUBLISHED
January 13, 2026
12:34 PM

No. 375182
Kent Circuit Court
LC No. 22-007189-DC

Before: M. J. KELLY, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Plaintiff-appellant, Tiffany Jen-Nay Balzeski, appeals as of right the trial court order modifying her custody arrangement with defendant-appellee, Christopher Michaell LaVoie, regarding their four-year-old child. We vacate and remand for further custody proceedings consistent with this opinion.

## I. FACTS

This case concerns the party's custody arrangement of their minor child. In August 2024, defendant moved to modify the party's custody arrangement, generally requesting "more custody," and claiming that plaintiff was not abiding by the terms of the consent judgment. After the trial court found that there was a change in circumstances sufficient to review the custody arrangement, it referred the matter to the Kent County Friend of the Court (FOC) for an investigation and recommendation. The FOC report recommended that the parties share joint physical custody, defendant exercise sole legal custody, and the parties exercise full alternating weeks of parenting time. Plaintiff objected to these recommendations and moved for sole legal and physical custody, alleging that defendant stalked, harassed, and verbally abused her as well as obstructed the child's medical care.

In March 2025, the trial court held an evidentiary hearing, with both parties appearing *in propria persona*. Plaintiff, defendant, and the FOC investigator testified, and the trial court took an offer of proof that plaintiff's friends and family gathered in support would affirm her story. The trial court did not allow plaintiff to admit any evidence beyond her testimony, reasoning that her evidence should have been received through the clerk's office so that defendant had a chance to

see it before the hearing. The trial court ultimately adopted the FOC's proposed order in full, granting: (1) defendant sole legal custody, and (2) the parties' joint physical custody with full alternating weeks of parenting time. Plaintiff now appeals.

## II. EVIDENTIARY CONCERNS

On appeal, plaintiff first argues that the trial court erred by precluding her from calling her friends and family as witnesses and by not receiving her exhibits into evidence at the evidentiary hearing. We agree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because plaintiff attempted to present exhibits and witnesses at the evidentiary hearing, this issue is preserved for our review. See *Hein v Hein*, 337 Mich App 109, 114; 972 NW2d 337 (2021). "[W]e review for an abuse of discretion a trial court's decision to admit or exclude evidence, but preliminary legal questions regarding the admissibility of evidence are reviewed de novo." *Kuebler v Kuebler*, 346 Mich App 633, 653; 13 NW3d 339 (2023). "We review de novo the interpretation and application of statutes, court rules, and the rules of evidence." *Id*. "We review for an abuse of discretion the trial court's decision regarding whether to impose discovery sanctions." *Elahham v Al-Jabban*, 319 Mich App 112, 135; 899 NW2d 768 (2017). "An abuse of discretion occurs when the result falls outside the range of principled outcomes." *Richards v Richards*, 310 Mich App 683, 699; 874 NW2d 704 (2015). A trial court necessarily abuses its discretion when it makes an error of law. *Elizabeth A. Silverman, PC v Korn*, 339 Mich App 384, 388; 984 NW2d 536 (2021).

## B. ANALYSIS

Witness lists and exhibit lists are elements of discovery, and their purpose is to avoid trial by surprise by informing the parties of the evidence that may be presented at trial. *Grubor Enterprises, Inc v Kortidis*, 201 Mich App 625, 628; 506 NW2d 614 (1993); see *Thorne v Bell*, 206 Mich App 625, 633; 522 NW2d 711 (1994). MCR 2.401(B)(2) governs pretrial scheduling orders and provides, in relevant part, that "the court *shall* establish times for events and adopt other provisions the court deems appropriate, including . . . the completion of discovery, [and] . . . the exchange of witness lists . . . ." MCR 2.401(B)(2)(a)(*v*)(*vi*) (emphasis added).

In this case, the record does not reflect that the trial court ever entered a scheduling order in accordance with these proceedings at or after the court scheduled the March 2025 evidentiary hearing. In failing to comply with MCR 2.401(B)(2), the trial court never instructed the parties that they were required to exchange witness lists and exhibits before the hearing. The trial court "must exercise reasonable control over the mode and order of examining witnesses and presenting evidence," and can therefore reasonably limit the presentation of evidence. MRE 611. We do not think that it was a reasonable limitation to completely preclude plaintiff from introducing her proffered evidence, especially considering that plaintiff was a pro se litigant navigating the trial court procedures without a scheduling order. See MCR 2.401(B)(2); MRE 611. Pro se litigants are allowed some leniency in pursuing their claims. See *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972). We therefore conclude that the trial court abused its discretion in this regard.

On remand, the trial court may consider the evidence that it already examined in addition to any new evidence.[1]

## C. CONCLUSION

We vacate the trial court's order and remand for further custody proceedings consistent with this opinion.  We retain jurisdiction.

/s/ Michael J. Kelly
/s/ James Robert Redford
/s/ Kathleen A. Feeney

---

[1] This opinion should not be construed to mean that the court is required to admit any and all evidence in the form of witness testimony or exhibits that a party may offer on remand.  Rather, it was error to exclude all exhibits and witnesses not identified pre-hearing when there was no scheduling order in place to require the same.  On remand, if a party offers evidence, even if disclosed pre-hearing, that the trial court concludes is inadmissible or irrelevant, this opinion should not be interpreted in any way to require that the trial court admit such proffered evidence.

# Court of Appeals, State of Michigan

# ORDER

Michael J. Kelly
Presiding Judge

TIFFANY JEN-NAY BALZESKI V CHRISTOPHER MICHAELL LAVOIE

James Robert Redford

Docket No. 375182

Kathleen A. Feeney
Judges

LC No. 22-007189-DC

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

_____
Presiding Judge



A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

January 13, 2026
Date

Chief Clerk